## TINKER v. TINKER.

No. 20461.    Opinion Filed July 1, 1930.

T. J. Leahy, J. H. Maxey, and C. S. MacDonald, for plaintiff in error.

Whit Y. Mauzy and J. B. Coppedge, for defendant in error.

HEFNER, J.   Helen W. Tinker, the defendant in error, as plaintiff, brought this action in the district court of Tulsa county against Sylvester J. Tinker, plaintiff in error, as defendant, for divorce on the grounds of extreme cruelty and gross neglect of duty, and prayed for alimony, attorney's fees, and the custody of the minor child of the parties and for the support and education of the child. A decree was entered awarding her a divorce, alimony, attorney's fees, and custody of the child and money for the support and education of the child. Soon after the

decree was entered, upon agreement of the plaintiff and defendant, a supplemental decree was entered wherein certain changes were made reducing the amounts to be paid.

This is a companion case to the case of Sylvester J. Tinker v. Helen W. Tinker, No. 20112, this day decided, 144 Okla. 97, 290 Pac. 185. In that case the question involved the jurisdiction of the trial court to hear and determine an order in reference to the custody of the minor child where the mother and the child had removed from the state of Oklahoma into the state of Missouri after the decree of divorce had been entered. In the case at bar the defendant filed a motion to modify the decree as to the payment of funds for the use and benefit of the minor child, asking that he be relieved from payment of further funds to the plaintiff for the use and benefit of the child. In his motion to modify he makes the following allegations:

(a) That plaintiff had moved said child out of the jurisdiction of the court;

(b) That plaintiff had surrendered the custody of said child to her father and mother;

(c) That plaintiff had refused the defendant the right of visitation, as provided in the decree of divorce;

(d) That the money being paid by the defendant to plaintiff for the support, care, and education of said child (which was three years old on the date of the filing of the action, now five years old) was not being used for the support of said child, but was being dissipated and squandered by plaintiff for her own personal use;

(e) That further payments to the plaintiff for the care, maintenance, and support of said child would not be used for that purpose, but would be applied to the plaintiff's own personal expenses, to the neglect of the child;

(f) That the plaintiff was attempting to defeat the jurisdiction of the court to have any control over the child and was, therefore, in contempt.

The plaintiff filed a special appearance and motion to vacate, which was overruled, and thereafter she filed a response, in which she alleged:

(a) That, inasmuch as the child and the plaintiff were residents and citizens of the state of Missouri, the court was without jurisdiction to hear and determine the motion;

(b) A general denial;

(c) Specially denied that she had violated any of the terms of the decree.

The court held it had jurisdiction to hear and determine the motion on its merits, and after a hearing on the issues joined by the pleadings overruled the motion to modify the decree, with an exception not material here, and plaintiff was allowed $350 as attorney's fees for resisting the motion to modify.

A portion of the order of the trial court in denying the motion to modify the judgment is as follows:

"Now, on this 2nd day of May, 1929, the above matter coming on for trial pursuant to assignment and in its regular order upon the motion of the defendant herein to modify decree as to payment of funds for the use and benefit of the minor child, and the defendant appearing personally and by his attorneys, Leahy, Maxey, MacDonald & Holden, and the plaintiff appearing by her attorneys, Mauzy and Coppedge, and the court having heard the evidence and the argument of counsel, continued the matter for further argument and decision to May 3, 1929.

"And on May 3, 1929, after hearing further argument, the court finds that the conditions of the parties hereto have not changed since the rendition of the supplemental decree herein on the 28th day of February, 1928, and that the motion of the defendant to modify the said supplemental decree as to the payment of funds for the minor child should be overruled in all particulars except the following, to wit: That the defendant pay to the plaintiff for the care, support, maintenance, and education of the minor child the sum of $60 in lieu of the payment of $180 which was due and payable on March 20, 1929, in accordance with the supplemental decree of this court made and entered on the 28th day of February, 1929, and that said sum of $60 be paid within five days from this date, to wit, May 3, 1928.

"The court finds the issues for the plaintiff upon all other matters presented by said motion and that the said supplemental decree heretofore rendered and given in this cause on the 28th day of February, 1928, shall in all things remain in full force and effect as the final decree of this court in the above-entitled matter, except only in so far as it is specifically amended by the terms of this judgment."

The defendant has brought the case here for review and alleges the trial court committed error in the following particulars:

(1) The court below erred in holding that, inasmuch as the supplemental decree was rendered by agreement, the court was without authority to modify the same.

(2) The court erred in refusing to hold that the plaintiff was in contempt of court in refusing to return the child to the jurisdic-

tion of the court or to appear therein to defend the defendant's previous motion to modify the decree as to the custody of the child, and by reason of such contempt should have suspended the order for the payment of funds to her until she purged herself thereof.

(3) The court erred in refusing to find and hold that, inasmuch as the child had been removed from the jurisdiction of the court and the right of visitation refused the defendant, further payments under the original decree should be withheld from the plaintiff until she returned said child to this jurisdiction or granted the defendant the right of visitation.

(4) The court erred in refusing to hold that the order providing for the payment of the support of the child should be modified on the ground that the evidence conclusively showed that the plaintiff was not using all or a major part of the funds for the support of said child and that she was mixing her funds with the child's funds in a manner contrary to the best interests of the child.

(5) The court erred in allowing the plaintiff an attorney's fee of $350 for defending against this motion.

It is well settled in this state that where a final judgment affecting the support and maintenance of a minor child is sought to be modified, there must be shown a change of condition of the parties such as to render such a modification proper, and where no such change of condition is shown, the order refusing to modify will not be reversed on appeal. Boularger v. Boularger, 127 Okla. 103, 260 Pac. 49. This is the well-established rule in this as well as in most other states, and the defendant admits this to be the rule. The defendant, however, contends he is not seeking to evade his responsibility to support his child, but is asking the court to protect, for the child's benefit, the payments made for her support by him by having them paid to some responsible party or agency that will insure the child of receiving the benefit thereof, it being his contention that the record shows that the money paid by him for the support of the child is not being used for that purpose, but is being used and squandered by plaintiff upon herself.

The trial court found that the conditions of the parties had not changed since the rendition of the supplemental decree on the 28th day of February, 1928, and that the motion of the defendant to modify the decree as to the payment of the funds should be overruled. The court further found all of the issues in favor of the plaintiff and against the defendant, with one exception.

This is clearly a finding against the defendant on all matters which depend upon the facts for their determination.

The defendant urges as a matter of law that the court erred in holding that, inasmuch as the supplemental decree was based upon an agreement of the parties, the court was without authority to modify the same. We do not think the record in this case justifies the conclusion that the court based its judgment on that theory, but, on the contrary, the record seems to disclose that the trial court heard the evidence and decided the question on its merits.

It is contended that the plaintiff was in contempt of court and the defendant was entitled to have the decree modified until she purged herself of this contempt. The court made an order directing the plaintiff to bring the minor child to Oklahoma. In answer to this order she challenged the jurisdiction of the court to make such an order, as she and the minor child were domiciled in Missouri. Upon a hearing on this motion the court vacated the order. She did not arbitrarily refuse to obey any order of the court; in not having done so the trial court correctly held her not guilty of contempt.

It is next urged that the plaintiff had removed the child from the jurisdiction of the court and refused the right of visitation granted the defendant. The evidence is conflicting as to what occurred when the defendant went to visit the child. The trial court took the view that neither party was free from criticism; nevertheless, in its decree the issue was found against the defendant.

It is urged that the plaintiff was using the funds paid by defendant for her own use and benefit, and not for the benefit of the child, and because of this the court should have set aside the order and made an order which would insure that the money furnished by the defendant would be exclusively applied to the child's use. After hearing all of the evidence the trial court found that the facts were not such as to justify any change in the decree. The court held that so long as the plaintiff properly took care of the child it made no difference how she kept the accounts. It seems that she worked as a stenographer. If this is correct, it was necessary for her to leave the child with someone while she was at work, and if her parents were proper persons to have the custody of the child, it is natural that they were the ones with whom she would leave it. There seems to be no evidence that they were not proper persons,

nor that the child was not properly cared for.

The questions raised by all of the assignments of error other than the first and last are questions which the trial court was called upon to determine in accordance with the facts in the case. It heard the evidence and determined the facts against the defendant, and we are not inclined to disturb its findings.

The last assignment of error is that the court erred in allowing attorney's fees in favor of the plaintiff for the attorney which she employed to resist the motion of defendant to modify the judgment. The defendant calls our attention to the case of Friedman v. Friedman, 132 Okla. 45, 269 Pac. 257. We do not think the rule announced in that case is applicable to the facts disclosed by this record. This is a question of first impression in this state. The question has been passed upon in other jurisdictions, and the weight of authority seems to be that the court has power to award counsel fees to the wife in resisting a motion to modify filed by the husband. In the recent case of Hipple v. Hipple, 278 Pac. 33, the Supreme Court of Kansas said:

"The plaintiff made an application for an allowance of $500 attorney's fees, which was denied; of that denial she complains. In this state, it has long been the practice to allow attorney's fees to the wife in divorce actions. In the present case, the wife was allowed alimony for the support of herself and the minor children. A court granting a divorce has power to change the award of alimony at a subsequent proceeding brought for that purpose. In a proceeding to reduce the amount previously awarded to the wife, she has the right to resist the application for the reduction, and has the right to be represented by counsel. Where she has no means of employing counsel, except by taking from the alimony awarded to her, she should be allowed a reasonable attorney's fee * * * being within the sound discretion of the trial court. Under the circumstances disclosed in the present proceeding, a reasonable attorney's fee should have been allowed to the plaintiff.

"The judgment is affirmed as to the custody of the children and the award of alimony, but the judgment disallowing an attorney's fee is reversed and the cause remanded to the trial court, with directions to allow a reasonable attorney's fee to plaintiff for resisting the application of the defendant."

There are numerous other authorities from various states of the Union supporting this view.

Under our statutes, where a minor child is involved, the court has a continuing jurisdiction, under certain conditions, to change and modify former orders. Since the court has the continuing jurisdiction, we can see no reason why the wife should not be allowed a reasonable attorney's fee for resisting a motion to change the terms of the decree.

Counsel for defendant says that the determination of the appeal in this case rests largely upon the determination by this court, in cause No. 20112, supra. We do not agree with that contention. In that case the only question involved was a question of law, that is to say, the jurisdiction of the court to hear and determine a motion to modify the judgment of the court in reference to the custody of the minor child. The court held it did not have such jurisdiction. In the case at bar the court held it had jurisdiction to hear and determine the case on the merits, and did hear and determine the facts as they existed. We think the judgment of the trial court should be, and the same is hereby, affirmed.

LESTER, V. C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent.