Argued December 19, 1933; modified January 16, 1934

WARNER *v.* WARNER

(28 P. (2d) 625)

*Bradley A. Ewers,* of Portland, for appellant.

*Isham N. Smith,* of Portland, for respondent.

BEAN, J.   The defendant appeals from a decree denying his motion for a modification of the decree for alimony. The decree of divorce was entered in the circuit court on September 7, 1927, and provided, among other things, that the plaintiff have and recover from the defendant and the defendant is ordered to pay to the plaintiff, as permanent alimony, the sum of $50 per month, in advance, on the first day of each and every month, beginning on October 1, 1927, and continuing without cessation until the plaintiff remarries or dies.

On the date of the decree the plaintiff and defendant and their attorneys entered into a stipulation for the payment of permanent alimony, as provided in the decree. The motion seeking the annulment of that part of the decree providing for alimony was supported by the affidavit of defendant, and a counter-affidavit was filed by plaintiff, to which defendant filed a reply affidavit. Testimony was taken in support of the motion and also on behalf of the plaintiff. Defendant submits that he is unable from a financial standpoint to further meet the payments required by said decree; that the said decree has become a lien against the real property acquired by the defendant subsequent to said decree, and that said decree is now preventing defendant from replacing the mortgage upon said real property. Defendant represents that he is employed in the fire department of the city of Portland, Oregon, as hoseman, although he is acting as engineer on the pumper, stationed at St. Johns, Portland, Oregon; that his wages were reduced in 1932 so if he were on actual duty he would receive $142 per month net; that subsequent to the filing of the motion, prior to the actual trial of the proceeding, defendant sustained a severe injury to the cartilage of his left knee; that he suffered a dislocated cartilage with relaxation of the ligaments, thereby making him unfit for active duty in the fire department; that on or about December 31, 1932, he was carried to the Veterans' Hospital and put upon a pension by the fire department in the sum of $72 per month, and is now receiving that sum; that defendant's mother died on January 18, 1931, and defendant received from her estate the sum of $2,000, which sum of money he invested in a home, for himself and present wife in Portland, Oregon, upon which there was a first mortgage in the sum of $1,900, and thereafter he gave a second mortgage on the real property in the

sum of $750. He desires to annul the provision for the payment of alimony in order that he may obtain a loan from the World War Veterans' State Aid Commission, of the state of Oregon, to meet the first mortgage on the property.

Plaintiff shows that during her married life with defendant she was infected by him with gonorrhea, necessitating two surgical operations and another surgical operation, which may have been caused thereby, resulting in permanent injury to her health and rendering her incompetent of entering into future marriage and greatly impairing her prospects in life.

Plaintiff contends that the stipulation for alimony and consequent decree were based upon a contract, for which consideration was given.

The defendant states in his brief that the circuit court held that it had no jurisdiction to modify the decree because of the stipulation entered into between the plaintiff and defendant, although the decree denying the modification does not so show.

Defendant assigns error in the failure of the court to grant defendant some relief. He cites and relies upon the opinion in *Phy v. Phy,* 116 Or. 31 (236 P. 751, 240 P. 237, 42 A. L. R. 588), and other decisions in support thereof. Counsel for plaintiff submits that where alimony is fixed by contract based upon a valuable consideration, either in a property settlement or added consideration, the alimony stands, citing, among other cases, *Henderson v. Henderson,* 37 Or. 141 (60 P. 597, 61 P. 136, 48 L. R. A. 766, 82 Am. St. Rep. 741). The consideration claimed is that plaintiff waived her right to attorney's fees and costs.

■ After a careful study of the opinions in this state, we conclude that if the allowance to the plaintiff in the divorce suit was simply for maintenance or alimony and not a settlement of property rights, then, in a

proper case, the court in its discretion may set aside or modify the decree for alimony. *Andrews v. Andrews,* 144 Or. 200 (24 P. (2d) 332).

It was said in *Phy v. Phy,* supra, at page 36:

"When the allowance for alimony or maintenance arises from a consideration of the restitution of property brought to the husband by the wife, the decree awarding such maintenance should be regarded as a final adjudication of the matter. But, as said by Mr. Justice Wolverton in speaking for this court in Brandt v. Brandt, 40 Or. 477, 486 (67 P. 508, 510): 'Where it is made as a matter of support and maintenance merely, then the changed condition of the parties, as where the faculties of the husband have diminished, or the divorced wife has acquired other facilities or means of support, will warrant such a revision or modification, diminishing or cutting off the allowance *in toto,* as may seem reasonable and proper  *  *  *'." See also 19 C. J. 275, § 622.

In the present case, it appears from the evidence that at the time of the marriage of plaintiff and defendant they had no property, and at the time of the rendition of the decree of divorce there were no property rights to settle. While the stipulation, in form, is one of the settlement of property rights, there was no readjustment of any property or worldly goods which might be termed a property settlement.

Section 6-915, Oregon Code 1930, provides, in part, as follows:

"At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have the power to set aside, alter or modify so much of the decree as may provide for the appointment of trustees for the care and custody of minor children, or the nurture and/or education thereof, or the maintenance of either party to the suit; provided, however, that such decree shall be a final judgment as to any instalment or payments of money provided for therein

which have accrued up to the time either party shall move the court to set aside, alter or modify the same; * * *."

■ The theory of the holding would seem to be that the stipulation for maintenance or alimony is in the nature of a stipulation in lieu of testimony and not strictly a contract, and that the stipulation for maintenance of either party is made in contemplation of the statute referred to, giving the court power to modify that portion of the decree. It would seem that the costs and attorney's fees waived by the plaintiff in connection with the stipulation in the present suit was merely a diminution of the amount of alimony to be paid and not a consideration in the strict sense of the term.

■ It appears that the defendant is in the hospital and, in all likelihood, will be incapacitated for some time. It is unthinkable that the defendant should be relieved from the payment of alimony to the plaintiff. In view of all the circumstances, we think that the amount of alimony payable monthly from the time of the filing of the motion to modify the decree until the first of January, 1935, should be reduced in the sum of $15 per month, making the sum of $35 per month, on the first day of each and every month, payable by defendant to plaintiff from the date of the filing of the motion for modification until January 1, 1935, and thereafter the payments shall be made as decreed by the circuit court.

The decree of the circuit court will be modified accordingly. Either party shall have the privilege of again moving to modify the decree if conditions should change, so as to warrant the same. Neither party to this proceeding will recover costs or disbursements.

RAND, C. J., BELT and BAILEY, JJ., concur.