Argued September 8; affirmed September 15, 1936

## SIMPSON *v.* SIMPSON
(60 P. (2d) 936)

*Henry S. Westbrook,* of Portland, for appellant.

*J. P. Kavanaugh,* of Portland (R. N. Kavanaugh, of Portland, on the brief), for respondent.

BEAN, J. This is a proceeding to modify a former decree requiring defendant to pay plaintiff alimony. Plaintiff and defendant intermarried January 6, 1914.

As the issue of said marriage Billy Simpson was born August 18, 1916, and Jack Simpson was born July 15, 1922. On February 23, 1926, a decree of divorce was granted plaintiff and she was given the custody of said children and allowed $50 per month alimony and $25 per month for the support of each child, to continue during their minority. The original decree has been modified twice as to plaintiff's permanent alimony. The first time it was reduced from $50 to $35 per month; the second time, in August, 1933, it was reduced from $35 to $25 per month. This last modification carried with it the following proviso:

"This decree is made without prejudice to the right of the plaintiff to apply for an increase of alimony in case the earnings of the defendant are increased."

On August 15, 1935, plaintiff filed a motion to increase her alimony from $25 per month to the original sum of $50 per month. A counteraffidavit of defendant was filed and he moved that the $25 per month, permanent alimony, to plaintiff and $25 per month each for the support of the children, be further reduced from $75 in a lump sum to $50 per month in a lump sum. The trial court dismissed both motions and plaintiff prosecuted this appeal from the order of the court denying her modification.

The plaintiff has never remarried; defendant has remarried. Defendant is a locomotive engineer and has been for the major portion of his life. At the time of the rendition of the original decree and the order for the payment of $50 per month alimony to plaintiff, defendant was earning approximately $300 per month. He was and is now paid for the number of miles that he runs. During the depression the rate of payment per mile was reduced. Afterwards, while the rate per mile was restored, the number of miles

that defendant usually ran the engine was decreased and defendant is unable to work overtime as formerly. The restoration of his rate of pay is offset in part by the reduction of hours of service, so that now, as he states, he receives but a little over $200 per month. Defendant is now 57 years of age and will be subject to retirement on a pension in about eight years, which will decrease his income. The railroad company deducts from defendant's pay check $1.50 per month for doctor bills and hospital service. It also deducts from his salary $2.40 for group insurance, and he is forced to suffer such other reduction as may be required by the act of Congress.

The defendant is advised by his physician that he is afflicted with a disease common to locomotive engineers caused by the ceaseless staccato vibration of an engine cab, namely, an affection of the prostate gland.

The older one of the children, now in the custody of plaintiff, is about 20 years of age and is capable of earning his living, if he can find employment. The other boy, now 14 years old, is capable of earning something, if he can find the right kind of work to do.

It does not appear from the record that the decree fixing alimony was based upon a contract. There was no written stipulation or agreement for a property settlement or any agreement as to alimony between the parties. It is not shown that plaintiff brought any property to the defendant.

■ The court's power to modify provisions for alimony, not accrued, extends to all provisions for maintenance, unless the allowance proceeds from a consideration of restitution of property brought to the husband by the wife, or a partition of property accumulations: *Brandt v. Brandt*, 40 Or. 477 (67 P. 408) ; *Phy v.*

*Phy,* 116 Or. 31 (236 P. 751, 240 P. 237, 42 A. L. R. 588); *Warner v. Warner,* 145 Or. 541 (28 P. (2d) 625).

■ In fixing the amount of alimony and maintenance the trial court exercised a broad discretion. The several judges who passed upon the matter at different dates were in a better position to determine the real status of the parties, where the testimony is somewhat conflicting, than is this court. The circuit judges had the privilege of observing the demeanor and attitude of the parties and their physical condition, and their judgment, maturely considered, is entitled to great weight.

It is impossible to tell exactly what the defendant will earn in the future, and it is upon his earnings that his ability to pay alimony and maintenance is based. The requirement that he pay $75 per month is approaching one-half of what he will be likely to earn in the future, taking into consideration the condition of his health and chances of his being able to work all the time.

■ After a consideration of all the evidence and records, we think defendant is now contributing all that he should be obligated to contribute as alimony and for the maintenance of the minor children, and that the decision of the trial court, in the exercise of its sound discretion, should not be disturbed.

The decree of the lower court is affirmed. Neither party will recover costs in this court.

CAMPBELL, C. J., not sitting.