Argued October 5; reversed October 25, 1938

# WARRINGTON *v.* WARRINGTON

(83 P. (2d) 479)

*Earl F. Bernard,* of Portland (Collier, Collier & Bernard, of Portland, on the brief), for appellant.

*Frank H. Hilton,* of Portland, for respondent.

BELT, J. Defendant appeals from an order denying his motion to modify a decree of divorce by eliminating therefrom a provision requiring the payment of certain sums as alimony.

On October 24, 1935, plaintiff obtained a decree of divorce against defendant, providing therein that "defendant pay to plaintiff the sum of Two Thousand and no/100 ($2000.00) Dollars as alimony to be paid in monthly installments of not less than Thirty-five and no/100 ($35.00) Dollars, each, accumulated delinquent payments, if any, to draw interest at the legal rate from the date of any default in said monthly payments until paid."

The record in the divorce proceeding discloses that no property rights were involved but that the court and the parties were concerned with the question of alimony. It is significant that counsel for plaintiff made the following statement to the court, "In this case there is a tentative understanding between the plaintiff and defendant that the defendant will pay, in addition to the costs of this cause, the sum of $2,000.00 as alimony, to be paid over a period of time at the rate of $35.00 per month, without interest unless default is made in payment of monthly installments." Based, no doubt, upon such statement, the court incorporated in the decree the provision relative to the payment of alimony. Defendant abided by the decree and continued to make payments, as provided therein, to and including May, 1937, when he learned of the remarriage of plaintiff on February 10, 1937.

Defendant contends that the remarriage of plaintiff entitles him to relief from the payment of alimony, as the plaintiff is now bound to look to another man for support and maintenance. The record shows that

plaintiff's present husband has regular employment and earns $38 a week.

Plaintiff asserts that the court has no power to modify the decree based upon an agreement of the parties providing for the payment of a definite sum of money in consideration of the plaintiff's having used her own funds and those of her son by a former marriage to cover household expenses during her marriage to defendant. It is further contended by plaintiff that, even if the court had the power to modify the decree, it would not be justified in so doing, as her present husband is not financially able to support her, an aged father and mother being dependent upon him for support.

In support of the refusal of the court to modify the decree, the plaintiff points to the fact that, at the time of her marriage to defendant in 1928, she had a savings account of $700 and that this amount, together with funds received from her first husband for support of their son, and money which she earned aggregating $433, were used for household expenses upon the understanding and agreement that defendant would at some time reimburse her for the money thus expended. It is not claimed that any money belonging to plaintiff was paid to defendant except the sum of $170 which indebtedness is evidenced by a promissory note.

At the time the decree of divorce was entered, neither party had any real or personal property to be involved in a property settlement. Regardless of all that is set forth in the various affidavits concerning the repayment to plaintiff of money used to defray household expenses, the record in the divorce proceeding affirmatively discloses that the court was dealing with the question of alimony.

It may be that the award of alimony was based upon the agreement of the parties as such was incorporated in the decree. Even so, is the court forever precluded from modifying it upon a showing of changed conditions? There were no children born as a result of the marriage between plaintiff and defendant. Can it be that defendant is forever bound to pay the full sum which the court at one time deemed fair and equitable, notwithstanding the fact that plaintiff by her last marriage has impliedly said she would look to her present husband for support and maintenance?

██ Alimony is the allowance which the husband is compelled to pay for his wife's maintenance while she is living apart from him or after she has been divorced. The statutory provisions (§ 6-914, Oregon Code 1930) vesting the court with power to regulate the payment of alimony are a substitute for the common law obligations of a husband to support his wife and children. The right to alimony is, therefore, based upon the statute and not upon any contractual obligations. The law is designed for the protection of the parties and to promote the welfare of society. How, then, can parties, by any private agreement, oust the court of jurisdiction to regulate the payment of alimony when the status of the parties justifies a modification? Any agreement of the parties in reference to the payment of alimony was made in view of the statute authorizing the court to modify the same. The mere fact that the court incorporated in the decree the stipulation concerning alimony is immaterial. It is entirely possible that, while the court undoubtedly considered the stipulation of the parties fair and equitable at the time the decree was rendered, it might, upon a showing of subsequent changed conditions, deem it unjust. To hold otherwise would defeat the very purpose and spirit of the statute.

■ Undoubtedly the decided trend of modern authorities is to the effect that, where a court has the power vested in it by statute to modify a decree for alimony, the exercise of such power is not affected by the fact that the parties agreed concerning the amount of alimony to be paid and that such stipulation was incorporated in the decree: *Herrick v. Herrick*, 319 Ill. 146 (149 N. E. 820) ; *Maginnis v. Maginnis*, 323 Ill. 113 (153 N. E. 654) ; *Erickson v. Erickson*, 181 Minn. 421 (232 N. W. 793) ; *Warren v. Warren*, 116 Minn. 458 (133 N. W. 1009) ; *Eddy v. Eddy*, 264 Mich. 328 (249 N. W. 868) ; *Adams v. Adams*, 229 Ala. 588 (159 So. 80) ; *Morgan v. Morgan*, 211 Ala. 7 (99 So. 185) ; *Wilson v. Caswell*, 272 Mass. 297 (172 N. E. 251) ; *Holmes v. Holmes*, 186 Ark. 251 (53 S. W. (2d) 226) ; *Wallace v. Wallace*, 74 N. H. 256 (67 Atl. 580, 13 Ann. Cas. 293) ; *Connett v. Connett*, 81 Neb. 777 (116 N. W. 656) ; *Blake v. Blake*, 75 Wis. 339 (43 N. W. 144) ; *Hobbs v. Hobbs*, 72 Col. 190 (210 P. 398) ; 15 Minn. Law Rev. 347; 32 Mich. Law Rev. 701; 67 U. S. Law Rev. 109; 44 Harvard Law Rev. 127; 22 Wash. U. L. Quarterly 263. Also see numerous additional authorities cited in note 109 A. L. R. 1068.

■ Plaintiff relies upon *Henderson v. Henderson*, 37 Or. 141 (60 P. 597, 61 P. 136, 48 L. R. A. 766, 82 Am. St. Rep. 741), and it must be conceded that such decision does support her contention. In that case the court, after a review of the authorities, said:

"We conclude, therefore, in consonance with these latter authorities, that the better rule is that, notwithstanding the court has power and authority to modify its decree of divorce touching the awarding of a sum of money for the maintenance of either the husband or wife by the other subsequent to the entering of the decree, yet, nevertheless, they may agree in a proper case touching the amount of such sum and the manner of

its payment, subject to the approval of the court as to its validity in good morals and as conformable to public policy, and in further consideration of the status and condition of the parties relating to the question of its fairness and equability of adjustment; but that, when such an agreement has been approved by the solemn decree of the court, it becomes forever binding, to the same degree and with like effect as ordinary contracts between parties admittedly *sui juris*, and is not subject to revocation or modification, except by the consent of the parties thereto.''

Such conclusion, however, is not in keeping with that reached in the much later case of *Phy v. Phy*, 116 Or. 31 (236 P. 751, 240 P. 237, 42 A. L. R. 588), nor with the better-reasoned cases. It is true that in the Phy case the court undertook to distinguish it from *Henderson v. Henderson*, supra. In the opinion of the writer, it would have tended more towards clarity and certainty had the court expressly overruled the former decision. In *Phy v. Phy*, supra, there was a property settlement which included a provision relative to alimony. Although such agreement was incorporated in the decree, the court, upon showing of the remarriage of Mrs. Phy, relieved her former husband from further payment of alimony. Likewise, in the instant case, we think the remarriage of plaintiff—being a material change in the status of the parties—is a cogent reason for the court to modify the decree as to alimony. It should not be the policy of the court to require two or more men to support and maintain the same woman.

The decree of the lower court is reversed and the cause is remanded with directions to relieve defendant from further payment of alimony. Neither party is entitled to costs or disbursements.

BEAN, C. J., and KELLY and BAILEY, JJ., concur.