**COMMISSIONER OF INTERNAL REVE-
NUE v. NICOLAI.**

No. 9904.

Circuit Court of Appeals, Ninth Circuit.
March 28, 1942.

928

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sherley Ewing, and Alvin J. Rockwell, Sp. Assts. to the Atty. Gen., for petitioner.

George J. Perkins, of Portland, Or., for respondent.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

The question raised by the petition to review now before us, is whether income received by a trustee of a so-called alimony trust and paid by the trustee to a divorced wife, is income taxable to the husband who was the creator of the trust.

A person may have taxable income without having personally received it. For example, if A owes a debt to B (which if paid to B would be income taxable to him), and B owes a debt to C, B derives taxable income where A pays C to discharge A's debt to B and B's debt to C.[1] The transaction is treated the same as if A paid his debt to B, and B paid his debt to C. Likewise, where B owes C and transfers property to A, as trustee, who pays B's debt to C with income derived from the corpus of the trust (which if paid to B would be income taxable to him), B has derived taxable income.[2]

The same principle applies where a divorce decree imposes an obligation on B and requires him to pay alimony to C, and B transfers property to A, as trustee, who pays the income from such property to C in discharge of the alimony award.[3]

The principle is carried still further with respect to alimony trusts. In the event that B and C reach an agreement that in satisfaction of all C's claims for alimony B will convey property to A, as trustee, with the direction to pay C all or part of the income from the corpus of the trust, B may derive income regardless of whether the agreement or the decree imposes an obligation on B to pay C. In such a case, if the court rendering the decree of divorce has power to impose on B an additional or other obligation by modification of the decree, whether it does so or not, B has derived income taxable to him;[4] or if such court does not have that power, but has power to modify the agreement between B and C by a modification of the decree, whether it does so or not, B has derived income taxable to him;[5] or if A is directed, by the trust declaration, to pay a part of the income of the trust to B, and such court, although it

[1] Old Colony Trust Co. v. Com'r of Internal Revenue, 279 U.S. 716, 719, 49 S.Ct. 499, 73 L.Ed. 918; United States v. Boston & M. R. R., 279 U.S. 732, 734, 49 S.Ct. 505, 73 L.Ed. 929.

[2] Helvering v. Blumenthal, 296 U.S. 552, 56 S.Ct. 305, 80 L.Ed. 390.

[3] Douglas v. Willcuts, 296 U.S. 1, 8, 9, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391.

[4] Helvering v. Leonard, 310 U.S. 80, 87, 60 S.Ct. 780, 84 L.Ed. 1087.

[5] Helvering v. Leonard, 310 U.S. 80, 87, 60 S.Ct. 780, 84 L.Ed. 1087.

lacks power to modify the agreement or the decree, has power to modify the terms of the trust, whether it does so or not, B has derived income taxable to him;[6] or if such court lacks power to do any of the things mentioned, but B has guaranteed payment of principal and income of bonds transferred to A, the trustee, whether or not he is called on to make good the guaranty, B has derived taxable income.[7] In all these cases, although there is no present obligation on B, it is held that he has derived income, because some time in the future, a liability might or could be imposed on him. See, also, Pearce v. Commissioner, March 9, 1942, 62 S.Ct. 754, 86 L.Ed. ——.

On the other hand, if B has no present obligation, under the agreement, the trust declaration, or the divorce decree, and one cannot be imposed upon him by a court through a modification of the agreement, the trust declaration or the divorce decree, and he has not underwritten the trust fund, then payments of income from the corpus of the trust by A to C, are not income taxable to B.[8] In other words, B is discharged from all liability for support of C. In determining whether B has been discharged from all liability, the law of the state where the divorce is granted is controlling,[9] and B has the burden of proving by "clear and convincing proof" that the court which rendered the divorce decree lacks the power to impose a different or additional liability on him.[10] If B cannot show that the statute expressly withholds such power from the court or that the court rule of the state is to that effect, then it is held that B has not sustained his burden and income from the corpus of the trust paid by A to C is income taxable to B.[11]

With these principles in mind, we may better appraise the facts of the case before us. On December 31, 1926, respondent entered into an agreement with his wife reciting that the parties desired that "no property rights or interests" should be determined in a divorce suit said then to be pending, and that the parties preferred "to settle and adjust the same between themselves". It provided that it would be operative and effective only if the wife obtained a decree of divorce; that respondent would transfer 1,350 shares of stock in Harry T. Nicolai Investment Company, an Oregon corporation, to a trustee, upon the terms of a trust declaration incorporated therein; that respondent was the owner of all the stock in the company mentioned, and agreed "for himself, and for his heirs, executors, administrators and assigns, that he and they will continue in ownership of a majority of said stock and that so long as said corporation is in existence cause it to declare and pay on or before the first day of each calendar month from its available net earnings, dividends sufficient to enable said [trustee] to pay said [wife] the monthly income provided for her in" the trust declaration. The agreement further provided that each party relinquished to the other all rights to all property owned by the other, and that the transfers, assignments and conveyances [regarding other property] should "stand as full payment, satisfaction and discharge of all rights and claims of every name, nature and description which either party hereto has or may have against the other".

Under the trust declaration, the trustee could make no sale of the stock without prior consultation with respondent and without giving respondent a preferential right to buy the stock. Upon the death or remarriage of the wife, one-third of the stock should revert to respondent. The trustee was directed to pay the wife, from the net income of the trust estate, $1,250 monthly for life or until she remarried, in which latter event she was to be paid $500 monthly for the rest of her life. There were elaborate provisions for distribution of the corpus of the trust by which a son and a daughter and their issue were named distributees, and by which the wife had the right to control the disposition of 300 shares of stock by will but only to heirs of her blood. Respondent had no right to 600 shares in the trust, unless both the children died without surviving issue prior

---

[6] Helvering v. Fitch, 309 U.S. 149, 156, 60 S.Ct. 427, 84 L.Ed. 665.

[7] Helvering v. Leonard, 310 U.S. 80, 87, 60 S.Ct. 780, 84 L.Ed. 1087.

[8] Helvering v. Fuller, 310 U.S. 69, 60 S.Ct. 784, 84 L.Ed. 1082.

[9] Helvering v. Fuller, 310 U.S. 69, 74, 60 S.Ct. 784, 84 L.Ed. 1082.

[10] Helvering v. Fitch, 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665; Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L.Ed. 1087; Pearce v. Commissioner, March 9, 1942, 62 S.Ct. 754, 86 L.Ed. ——.

[11] See cases in footnote 10.

to the wife's death. Respondent had no right to 300 shares in the trust (the remainder if the wife remarried) unless both children died without surviving issue prior to the wife's death, and the wife failed to dispose of such stock by will. The trust was irrevocable.

Thereafter the wife commenced in a state court of Oregon her suit for divorce, alleging, among other things, that all property rights between the parties had been settled and that the wife "asks for no alimony, temporary or permanent, different or beyond the provision made for her in said settlement". Respondent by answer admitted those allegations. The decree of divorce granted no alimony, contained no provision respecting the wife's support, and made no mention of the subject, or of the agreement or the trust.

The trust was thereafter established. The wife remarried in 1927. In 1935, the trustee distributed $2,431.60 to the wife from the income of the trust, and $33.40 to itself as compensation. Respondent did not include either amount in his income tax return for 1935. Petitioner included both amounts in respondent's gross income and determined a deficiency. In 1936, the trustee distributed $9,735.30 to the wife from the income of the trust, and $209.70 to itself as compensaton. In his income tax return for that year, respondent did not include either amount. Petitioner included both amounts in respondent's gross income and determined a deficiency. On petition to redetermine the deficiencies, the Board of Tax Appeals decided in favor of respondent. The petition to review such decision was then filed.

Whether respondent has sufficient interest in or control over the trust, by reason of the remote possibilities of sharing in the corpus, to make him the owner of the corpus for purposes of the federal income tax, under Helvering v. Clifford, 309 U.S 331, 60 S.Ct. 554, 84 L.Ed. 788, is a question not presented, and therefore such provisions may be disregarded. Helvering v. Fuller, 310 U.S. 69, 76, 60 S.Ct. 784, 84 L.Ed. 1082.

First. Although the divorce decree imposes no obligation on respondent, we have seen that if the court which rendered the decree thereafter had power to modify such decree and impose an obligation on respondent, then petitioner's determination must be upheld As above stated, local law is controlling on that question. In Oregon, the court, in a divorce suit may award alimony to the spouse obtaining a divorce,[12] if such party is not at fault.[13] If the decree does award alimony, and the alimony is not awarded as a settlement of property interests, the decree may thereafter be modified as to amount, regardless of whether the term, at which the decree was rendered, has expired or not,[14] even though the decree is based on an agreement between the parties.[15] If the decree is silent as to alimony, and the term, at which the decree was rendered, has expired, the court has no power to amend the decree and insert therein a provision for alimony.[16]

In the instant case, since the court reserved no power over the subject of alimony, ordered no alimony, and did not make the settlement contract or the trust, subject to its jurisdiction, we think it is clear that the court which rendered the decree of divorce has no power to amend the decree and insert a provision requiring payment of alimony. By a parity of reasoning, the state court likewise had no power to alter the provisions of the settlement contract, or of the trust, especially where it originally took jurisdiction of neither.

Petitioner relies on Phy v. Phy, 116 Or. 31, 236 P. 751, 240 P. 237, 42 A.L.R. 588, Warner v. Warner, 145 Or. 541, 28 P.2d 625, and Warrington v. Warrington, 160 Or. 77, 83 P.2d 479, but none of them is in point because in each the decree specifically ordered payment of alimony.

Second. If respondent obligated himself by the settlement contract to make payments for the support of the wife, then petitioner's decision was correct. Respondent clearly made no promise to pay the wife anything. It is argued, however, that respondent's promise to remain in owner-

---

[12] 1 Ore.Code Ann.1930, § 6-914.

[13] Blake v. Blake, 147 Or. 43, 31 P. 2d 768.

[14] Ore.Code Ann.1930, § 6-915; Phy v. Phy, 116 Or. 31, 236 P. 751, 240 P. 237, 42 A.L.R. 588; Warner v. Warner, 145 Or. 541, 28 P.2d 625.

[15] Warrington v. Warrington, 160 Or. 77, 83 P.2d 479.

[16] McFarlane v. McFarlane, 43 Or. 477, 73 P. 203, 75 P. 139; Saurman v. Saurman, 131 Or. 117, 282 P. 111.

ship of a majority of the stock in the company and to cause the company to pay sufficient dividends from its "available net earnings" was sufficient to make respondent the guarantor of that amount, and therefore liable under Helvering v. Leonard, 310 U.S. 80, 84, 60 S.Ct. 780, 84 L. Ed. 1087. In the case cited the husband guaranteed payment to the trustee of the principal and interest of bonds transferred to a trustee. As a surety, or guarantor, he was obligated to pay money. The obligation of respondent was not to pay money but to take a particular action. His liability, if any, for the payment of money could only come upon the adjudication of a breach of the contract. In other words, his obligation to pay money was not present and existing, and would not come into existence at all until a judgment was rendered against him, whereas the husband's obligation to pay money in the cited case was present and existing at all times after the promise was made. We think the instant case is thus differentiated from the cited case.

Affirmed.