Argued November 16, affirmed November 28, 1950

SHIELDS *v.* BOSCH, Executor, Substituted for
VOLENE SHIELDS, Deceased

224 P. (2d) 560

*R. W. DeArmond* argued the cause for appellant. On the brief were Devers & DeArmond, of Salem.

*Roy Harland,* of Salem, argued the cause for respondent. With him on the brief was Walter Lamkin, of Salem.

Before LUSK, Chief Justice, and HAY, LATOURETTE, WARNER and TOOZE, Justices.

TOOZE, J.

Respondent, as plaintiff, filed in the Circuit Court for Marion county, his amended complaint, wherein he prayed the court for a decree of divorce, and an award to plaintiff and defendant each of an undivided one-half interest in and to certain items of personal property, and for such other and further relief as might seem just and equitable. To this amended complaint, the appellant, as defendant, filed her answer and cross-complaint, wherein she prayed the court for the following relief:

"1. Denying to plaintiff the relief he seeks.

"2. Awarding to defendant a dissolution of the marriage contract now existing between plaintiff and defendant from and against plaintiff.

"3. For $500.00 suit money and $1000.00 for her attorney's fees.

"4. $4000.00 for the care and plastic surgery required to restore defendant to physical and mental health; $200.00 per month alimony until such time as defendant can again take up her work as a saleslady.

"5. For one-half of all of the property of plaintiff and defendant.

"6. For such other, further and different relief as to the Court may seem just and equitable."

To this answer and cross-complaint, plaintiff filed his reply denying the same.

The decree and order modifying decree entered by the court granted to defendant a decree of divorce, and then fixed, determined and adjudicated the property rights existing between the parties.

This appeal does not concern the granting to defendant of a decree of divorce, but is directed to the determination of the property rights and alimony fixed by the decree.

In its original decree, the court awarded defendant an undivided one-half interest in and to all the real and personal property owned by the parties, excepting only an automobile owned by plaintiff; and also allowed $1,000.00 on account of defendant's attorney's fees, and $75.00 per month as alimony and support money. Later, the trial court modified its decree as to alimony, providing that the $75.00 per month should be awarded defendant in payment of her medical expenses, and specifically reserved the right to modify such provision further as the needs of defendant might require for such medical expenses.

Upon the oral argument in this court, it was made to appear that defendant died in December, 1949, after this appeal had been perfected, and on motion and with-

out objection; Harry Bosch, the duly appointed executor of her estate, was substituted as a party defendant in the pending proceedings.

The principal contention of the defendant on this appeal is that the lower court abused its discretion in not providing lump sum alimony in the amount of $4,000.00 as prayed for, instead of the $75.00 per month awarded.

■■ The right to alimony is not an absolute right; it is purely statutory. Its allowance or disallowance, and if allowed, the amount, time and manner of payment thereof, are matters resting in the sound discretion of the trial court, based upon all the facts and circumstances in evidence, and this court will not interfere with the trial court's determination, unless there has been a manifest abuse of discretion. *Blake v. Blake,* 147 Or. 43, 53, 31 P. (2d) 768; *Simpson v. Simpson,* 154 Or. 396, 399, 60 P. (2d) 936; 27 C. J. S. § 288, 1107.

This is true because, as was said in the case of *Simpson v. Simpson,* supra:

"The circuit judges had the privilege of observing the demeanor and attitude of the parties and their physical condition, and their judgment, maturely considered, is entitled to great weight."

■ Moreover, the right to alimony is strictly a personal right as distinguished from a property right, and a cause of suit therefor does not survive to the personal representatives of a deceased person; death terminates the right. *Lemp v. Lemp,* 62 Nev. 91, 141 P. (2d) 212, 148 A. L. R. 1104.

There are some cases in which an award of alimony in a final decree will be deemed a property right preventing abatement of an appeal upon the death of the party to whom the same was awarded, but the in-

stant case is not of that type. *Mignot v. Mignot,* 187 Or. 142, 210 P. (2d) 111; Note, 148 A. L. R. 1111, supra.

If the only question raised on this appeal had to do with the claim for alimony, the death of defendant would abate the proceeding, and this court would be without jurisdiction to further consider the matter.

■ But defendant appealed also from that portion of the decree which disposed of the real and personal property of the parties. Since property rights were involved, the cause of suit, as appertains hereto, would survive and may be prosecuted to final determination by the personal representatives of the deceased. *Nickerson v. Nickerson,* 34 Or. 1, 48 P. 423, 54 P. 277; *Lemp v. Lemp,* supra; Note, 148 A. L. R. 1111, supra.

The question then presents itself whether the trial court was guilty of a manifest abuse of discretion in awarding to defendant an undivided one-half interest in and to all the real and personal property owned by the parties, instead of awarding her the entire interest in such property, as she claims on this appeal.

■ It is to be recalled that the decree of the lower court awarded to defendant everything she prayed for in her cross-complaint in so far as the real and personal property of the parties is concerned. Is the trial court to be charged with an abuse of discretion when it gave defendant all that she asked for? To say the least, that, indeed, is rather novel.

Under § 9-912, O. C. L. A., as amended by ch. 557, Or. Laws, 1947, the trial court is given a broad discretion in the disposition of property rights as an incident to the dissolution or annulment of a marriage contract. The primary responsibility of making a just disposition rests upon the trial judge, and as pointed

out before, his final determination should not be disturbed on appeal unless it can be said that he has been guilty of a manifest abuse of discretion.

We have examined the record carefully and do not find therein anything that would justify a finding that the trial judge in this case had so abused his discretion.

The decree appealed from will be affirmed.