Argued May 5, affirmed May 21, petition for rehearing denied
June 9, 1952

# UDY *v.* UDY

244 P. 2d 615

*E. R. Ringo,* of La Grande, argued the cause and filed a brief for appellant.

No appearance for respondent.

Before BRAND, Chief Justice, and HAY, LATOURETTE, WARNER and TOOZE, Justices.

TOOZE, J.

This is an appeal from an order and decree denying a motion for modification of a divorce decree respecting the custody and support of a minor child.

On January 20, 1948, Mabel Udy, as plaintiff, commenced suit for divorce in the circuit court for Union county against George Udy, as defendant, upon the ground of cruel and inhuman treatment. Deirdre Udy,

then aged 12 years, is the lawful issue of the marriage between plaintiff and defendant. On February 13, 1948, there was duly filed in said court and suit a written stipulation in words and figures as follows:

## "STIPULATION

"WHEREAS the above named plaintiff has filed a suit for divorce against the above named defendant and the parties desire to enter into an agreement between themselves settling their property rights and the custody and control of their minor child and the support of said child, NOW, THEREFORE,

"IT IS HEREBY STIPULATED AND AGREED that the defendant shall assign to the plaintiff all his right, title and interest in and to the contract of purchase entered into by the parties with the city of La Grande for the purchase of Lots 6 and 7 of Block 18 of Riverside Addition to the city of La Grande, and shall surrender to the plaintiff all his interest in and possession of said property and the household furniture and equipment located therein to have as her separate property. It being understood, however, that the plaintiff shall make the balance of the payments due under said contract and the defendant shall not be liable to make any more payments upon said contract. Defendant shall, in addition, pay to plaintiff's attorneys the sum of $100.00 as attorney's fees and the actual court costs in connection with the divorce suit instituted by the plaintiff.

"THAT IN CONSIDERATION of the above, the plaintiff surrenders all right, title and interest in any other property owned by the defendant, and each shall from this time on be the owner of their own separate property free and clear of any right or claim by the other; and each shall, in the future, pay their own bills and accounts and neither shall be liable for any bill or account contracted by the other.

"That the plaintiff shall have the custody and control of the minor daughter of the parties, to-wit, Deirdre Udy, aged 12 years, but subject to the right of the defendant to visit said child on all reasonable occasions and to have said child visit with him on reasonable occasions, and the defendant shall pay to the plaintiff the sum of $30.00 per month to assist the plaintiff in the support and maintenance of said minor child.

"IT IS FURTHER UNDERSTOOD AND AGREED that this stipulation is not entered into for the purpose of agreeing that the plaintiff may be granted a decree of divorce in the suit now pending except upon legal grounds satisfactory to the court, but in the event a decree of divorce is granted to the plaintiff, it is the desire of the parties that this stipulation and agreement be approved by the court and made a part of any decree which may be entered.

"IN WITNESS WHEREOF, the parties have hereunto set their hands and seals this      day of January, 1948."

On February 13, 1948, a decree of divorce was entered in said court and suit in favor of plaintiff, and which decree in part provided:

"AND IT IS HEREBY FURTHER ORDERED AND DECREED that plaintiff have the exclusive custody and control of the minor child of plaintiff and defendant, to-wit: Deirdre Udy, aged 12 years, but subject to the right of the defendant to visit said child on all reasonable occasions and to have said child visit with him on reasonable occasions.

"AND IT IS HEREBY FURTHER ORDERED that the defendant pay to the clerk of the Court each month, commencing with the month of February, 1948, said payments to be made not later than the 10th day of each month, the sum of $30.00 as support money to assist plaintiff in the care and maintenance of said minor child."

On July 30, 1951, defendant filed his motion, supported by affidavit, for a modification of said decree, so as to relieve him of the payment of $30 per month toward the care and support of said minor child. Plaintiff filed a counteraffidavit in opposition to the motion. A hearing was held, and oral testimony was offered by both parties. Based upon this testimony and the several affidavits filed, the trial court denied the motion.

■■ The jurisdiction of the trial court to modify a divorce decree insofar as it provides for the care, custody, and maintenance of minor children is a continuing jurisdiction and may be exercised whenever changed conditions justify such modification. And this power of the court is in no way affected by the fact that the parties have entered into a stipulation relative to those matters. *Warrington v. Warrington,* 160 Or 77, 83 P2d 479; *Mason v. Mason,* 148 Or 34, 34 P2d 328; *Warner v. Warner,* 145 Or 541, 28 P2d 625; § 9-915, OCLA, as amended by ch 584, Oregon Laws 1947; 27 CJS, Divorce, 1237, § 322.

■ A petition for modification of a decree respecting the care, custody, and maintenance of minor children of divorced parents is addressed to the sound discretion of the trial court. In cases where the evidence is conflicting, this court will accord great weight to conclusions of the trial judge, and will not ordinarily disturb them unless there has been an abuse of discretion.

In the instant case, the evidence discloses that both plaintiff and defendant have remarried. The minor child, now 16 years of age, resides with plaintiff and her present husband, one Fred Ovesen, at Vernonia, in Columbia county. Mr. Ovesen is a man of substantial means. He is devoted to the child, has made her one of his family, and has been very liberal in his financial

contributions toward her support and education. The child has a high regard for her stepfather and, as a witness, expressed her desire to remain with him and her mother.

Defendant lives with his present wife and her eleven-year-old daughter in a four-room house located in La Grande. He is purchasing the house on contract, being required to pay $50 per month on the purchase price. He is an employe of the city of La Grande, and his take-home pay is approximately $200 per month. His present wife does some work outside the home, having a monthly income averaging $15. The evidence does not disclose whether the father of defendant's stepchild is alive or not, nor, if alive, whether he is contributing anything toward his child's support.

The Ovesen family lives in one of two hotels owned by Mr. Ovesen at Vernonia, and the evidence discloses that Deirdre assists at times in and about the hotel by washing dishes, sweeping, mopping, and making up beds.

It is defendant's contention that inasmuch as Mr. Ovesen has taken the child into his home as a member of his family, and is enjoying the benefits of her society, companionship, and services, to the total exclusion of the natural father, that the burden of the child's support should fall upon the shoulders of Ovesen. Further, defendant points out his own precarious financial condition.

■ The evidence to which we have called attention was material in determining the question of whether or not the decree respecting support money for the minor child should be modified. Remarriage of defendant is not alone ground for changing the decree; neither is the remarriage of the plaintiff. But such remarriage is one of the facts that should be taken into consideration,

in connection with all the other circumstances of the case, in determining the ultimate question. In 27 CJS, Divorce, 1245, § 322, it is stated:

"The fact that a divorced husband had remarried or was contemplating remarriage is not alone ground for reducing the amount of the allowance, although it is a circumstance that may be considered in weighing the equities of the situation; and the same rule applies to the remarriage of the wife, at least in the absence of an assumption by the second husband of any obligation to support the children of the first marriage; nor is the remarriage of both husband and wife to third persons, in itself, regarded as such a change of circumstances as requires a modification of the allowance. On the other hand, it has been held that where a divorced wife remarried and her second husband was amply able to support her, the divorced husband whose financial condition had changed to his detriment was entitled to have the sum awarded for support of a child annulled, in view of the fact that the property granted to the wife was amply sufficient for the care of the child during its minority. * * * "

■ The evidence discloses that plaintiff still owns the real property received by her pursuant to the stipulation filed in the divorce suit. However, the record is silent as to the present value of her interest therein. That is a matter of importance in determining the question of whether the decree should be modified.

The fact that the stepfather has taken the child into his family and is receiving the benefit of her services, as well as society and companionship, is very material. The record is wholly silent as to the regularity of performance of such services, or as to their value.

■ Mindful of the fact that defendant may at any time file another motion for modification of decree,

upon the hearing of which he may offer evidence, if available, that will supply some of the defects in the present record, and not being satisfied that there has been an abuse of discretion on the part of the trial court under the record in this case, we affirm the decree.

Neither party to recover costs.