**Betty F. PARKEY, Plaintiff in Error,**
v.
**Harold E. PARKEY, Defendant in Error.**
No. 39626.

Supreme Court of Oklahoma.
May 15, 1962.

Walter Hubbell, Hugh F. Fitzsimmons, Walters, for plaintiff in error.

Lewis F. Oerke, Richard W. Hagle, Lawton, for defendant in error.

BERRY, Justice.

On September 15, 1960, judgment was entered in the court below granting plaintiff in error, hereafter referred to as "plaintiff", a divorce from defendant in error, hereafter referred to as "defendant". Plaintiff was awarded $7,000.00 as a property settlement, the custody of the parties' three minor sons and child support in the amount of $100.00 per month. At the time the divorce was granted one of the sons was three years old and the others, who are twins, were twenty-two months old. No appeal was taken from the judgment.

On January 17, 1961, plaintiff filed an application seeking modification of the judgment as to child support only. A hearing was had on the application on February 2, 1961. It appears that after plaintiff had introduced evidence in support of the application, defendant interposed a demurrer to her evidence, whereupon the case on its merits and the demurrer were "taken under advisement". No record of this evidence was made.

A letter was subsequently directed to the attorneys for the respective parties by the court. In this letter they were advised that "while the court agrees that the plaintiff is not receiving enough money with which to support the children that the parties settled

all matters at issue and agreed on the $100.-00 per month child support figure, which agreement was approved by the court, and since the testimony shows no change in condition since that time, defendant's demurrer to plaintiff's evidence to modify judgment, should be sustained, and the application denied" and that such would be made the order of the court. In the concluding portion of the letter it was stated that "if a subsequent application is filed, and a change of circumstances is shown, the order might be modified, because I think you will agree that she (plaintiff) is not receiving enough money with which to support these three children."

On February 10, 1961, an order was entered in keeping with the mentioned letter. In the order it stated: "That while the court agrees that the plaintiff is not receiving enough money with which to support the children, that the parties settled all matters at issue and agreed on the $100.00 per month child support figure, which agreement was approved by the court, and since the testimony showed no change in condition since that time, defendant's demurrer to plaintiff's evidence to modify judgment should be sustained and the application denied."

On February 16, 1961, a verified supplemental amendment to the application for modification of the judgment as to child support was filed. It was stated in this pleading that at the time the divorce was granted, plaintiff was gainfully employed; that she then resided with her parents and paid no rent or charges for utility service; that, thinking it was not to the best interest of the children to continue to make their home with her parents, she purchased a home; that thereafter it was necessary for her to devote all of her time to the task of caring for her home and children and for said reason she could not accept employment; that the children were older and more money was required for their support.

On March 9, 1961, defendant filed a demurrer to the supplemental application. He therein pleaded that the allegations of the supplemental application "allege the same allegations as the first application for modification of judgment"; that a demurrer was sustained to the first application on February 2, 1961; that the supplemental application was "filed 14 days after the Order sustaining demurrer"; that the allegations of the supplemental application "do not constitute grounds for modification of the divorce decree in regard to increase of child support". While the record tends to show that the Order entered following a hearing on the first application was entered on February 10th and not February 2nd, for reasons hereinafter given the precise date upon which the Order was entered is without material significance.

On March 9, 1961, an Order was entered sustaining defendant's demurrer to the supplemental application. It was stated in this Order that after hearing plaintiff's application and the supplemental amendment thereto read, and being otherwise duly advised in the premises the court found that the defendant's demurrer was well taken and that the same should be sustained for the reason and upon "the ground that the facts alleged in said application fails to show sufficient grounds for modification in that it does not show a change of condition since the rendition of said judgment on September 15, 1960, and that while the court believes that plaintiff is not receiving sufficient money with which to support the children, that the parties settled all matters at issue at the time of the rendition of said judgment, and agreed upon the $100.00 per month child support figure, which agreement was approved by the Court, and since the allegations in the application show no change in condition since that time, the defendant's demurrer should be sustained."

The plaintiff perfected this appeal from the last mentioned Order.

Plaintiff contends that a judgment as to child support may be modified (this is not disputed); that modification is not dependent upon change of conditions; that, in the alternative, the allegations of the supple-

mental application showed a material change of conditions.

Defendant contends that neither the application, amended application nor evidence showed a material change of conditions and for said reason the trial court did not err in sustaining the demurrer.

While the language used in defendant's last demurrer indicates defendant was urging that because of plaintiff's alleged failure to file a timely motion for new trial the order denying the first application became final and served to bar granting relief under the amended application, defendant does not here so contend.

We gather from the record that the trial court and the parties construed the mentioned letter as granting to plaintiff the right to amend her application upon the original demurrer being sustained; that if the application were amended, the case would be considered as though the first Order had not been entered. This is evidenced by the fact that an amended application was promptly filed; that defendant interposed a general demurrer thereto; that the last order reflects that in sustaining the demurrer the court found and held that the allegations of the application and amended application failed to show a material change in conditions following rendition of the divorce decree.

For reasons stated, we consider the basic issue presented by this appeal as being whether the trial court erred in sustaining a demurrer to plaintiff's amended application.

■ It is settled law in this jurisdiction that a judgment as to child support will be modified upon a showing of a material change in facts bearing upon said subject. See Tinker v. Tinker, 144 Okl. 94, 290 P. 187, and Sango v. Sango, 121 Okl. 283, 249 P. 925.

■ This rule is based in part upon the doctrine of res judicata. We say, in part, because while a judgment awarding child support is subject to modification, such a judgment is considered as res judicata as

to all conditions or facts existing at the time of rendition thereof. See 17A Am.Jur. "Divorce and Separation, Sec. 838, p. 30, and 27B C.J.S. Divorce § 321 at p. 633.

■ A finding that an award is inadequate does not necessarily require an increase of the award. In too many instances such an award is inadequate but the inadequacy results from the financial circumstances of the father—the fact that in view of his financial circumstances he should not be required to pay more than ordered to pay. In the instant case, there was no evidence of defendant's financial circumstances and for said reason we cannot assume that refusal to increase the award was based upon inability of defendant to pay more than $100.00 per month. To the contrary, the appealed-from Order was based upon the proposition that (1) the divorce decree as to child support was based upon an agreement or consent of plaintiff and defendant, and that (2) no material change in condition was shown following rendition of the decree.

■ We are impelled to the conclusion that the trial court was of the opinion that where a child support award is based upon an agreement or consent, evidence offered in support of an application must be stronger and more convincing than where the award is based wholly upon evidence. We do not believe this to be the law.

■ In a divorce action, the court is under a statutory duty to provide for support of the minor children of the parties. Therefore, an agreement of the parties as to such support is not binding upon the court. See Donahoe v. Alcorn, 188 Okl. 305, 108 P.2d 786. In fact, we specifically held in said case that a wife cannot, by contract, relieve her husband of his duty to support their minor children.

■ The power of a court to modify an award for child support is not affected by the fact that the award was based in whole or in part upon an agreement of parents of the child. See Udy v. Udy, 195 Or. 156, 244 P.2d 615, and 27B C.J.S. Divorce § 322(1)b,

p. 683. We suggest that the duty of a court to provide for the support of minor children and the duty of parents to support such children, furnishes an adequate basis for the rule.

In Sango v. Sango, supra, it was pointed out that "the duty to support one's minor children is a continuing obligation"; that in considering an application for modification of an award for child support "the court is not authorized, nor has it the power, to go back and determine that the allowance in the original judgment was unjust or inequitable" (or just, for that matter) but where a change of condition is asserted and shown, the court must "look to the then condition, and fix and determine not what their past rights were, but what they shall be" and accordingly alter rights and duties.

To our way of thinking, the allegations of the amended application tended to show that as to child support there had been a material change in conditions since entry of the divorce decree. We refer to the fact that it was pleaded that plaintiff was no longer gainfully employed and that as the children grew older the amount necessary to support them increased. We are, therefore, of the opinion that the trial court erred in sustaining the demurrer to the amended application. On this score, we are of the conviction that had the trial court not given undue consideration to the fact that the award for child support was based upon agreement or consent, the court, in view of the finding that $100.00 a month was insufficient for their support, would have overruled the demurrer.

For reasons herein stated, the order of the trial court is reversed with directions to overrule defendant's demurrer to plaintiff's amended application.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.

WELCH, J., concurs in result.