382 P.2d 667

**Dorothy J. FOUGHT, Appellant,**

v.

**Donald Earl FOUGHT, Appellee.**

No. 7379.

Supreme Court of Arizona.

In Division.

June 20, 1963.

————◆————

Kenneth Biaett, Phoenix, for appellant.

Charles Christakis, Phoenix, for appellee.

LOCKWOOD, Justice.

Appellant, Dorothy J. Fought (now Dorothy Biaett), obtained a default divorce decree from appellee, Donald Earl Fought, on December 7, 1959, which awarded appellant custody of the only child of the parties and required appellee to pay the sum of $75.00 per month for support of the child. One year after the divorce the appellant remarried. Appellee subsequently petitioned the superior court to modify the divorce decree by reducing the child support payments, and filed supporting affidavits showing that his monthly expense now exceeded his monthly take home wages. A counter-petition was filed by appellant to have the child support increased to $100.00 per month. After receiving testimony the trial court found that there had "been changed circumstances on the part of both parties," and ordered the support payments be reduced to $50.00 per month.

Appellant appeals from that order on the ground that the trial court abused its discretion in that there was no evidence before the trial court supporting a change of circumstances upon which such modification of the decree could be made. She claims that there was only a showing of the appellant's remarriage and that, standing alone, is not sufficient upon which to base an order reducing the amount of child support payments.

To determine that there has been an abuse of discretion, as appellant claims, the record must be devoid of competent evidence to support the decision of the trial court. Further, in testing the sufficiency of the evidence it must be taken in the strongest manner in favor of the appellee and in support of the court's findings, and a judgment will not be disturbed when there is any reasonable evidence to support it. Roberts v. Malott, 80 Ariz. 66, 292 P.2d 838 (1956).

There was testimony from the husband that he was making over $82.00 per week "take home pay" when the divorce decree was handed down, and that his "take home pay" was now about $10.00 per week less than it was at the time of the divorce. Appellant claims, however, that the payroll records established that just prior to the hearing on the petition appellee was making over $85.00 per week. As to this the employer stated explicitly that much of that amount included overtime and that appellee would not be getting that amount in the future, nor did he receive that much on his last paycheck.

The appellant is correct in the statement that a remarriage alone should not be grounds for a reduction of support payments. However, it is one of the elements to take into consideration in weighing

the equities of the situation. Udy v. Udy, 195 Or. 156, 244 P.2d 615 (1952); Kruckman v. Kruckman, 209 Iowa 1218, 229 N.W. 700 (1930); 27B C.J.S. Divorce § 322(2)b, p. 706. Further testimony showed that appellant's husband stated:

"And I of course can and will support the child, but I do not feel it should be my obligation to do so, and I think that since it is his child that he should support it."

Before her remarriage the former Mrs. Fought was earning approximately $340.00 per month, but upon remarriage she stopped her outside work. It should also be noted that she has a community property interest in the income of the husband, which could also be applied to the welfare of the child. All these factors raise an inference that the wife was now in a better position to provide for her child than at the time of the divorce, which the trial court could properly take into consideration.

■ Inasmuch as there is evidence to support the findings of the trial court, we will not now disturb his decision.

Judgment affirmed.

UDALL, V. C. J., and JENNINGS, J., concur.