735 P.2d 988

**Samuel J. YOST, Plaintiff-Respondent,**

v.

**Michaelene YOST, now known as Michaelene Rowe, Defendant-Appellant.**

**No. 16164.**

Supreme Court of Idaho.

March 20, 1987.

Donald J. Chisholm of Chisholm & Bradley, Burley, for defendant-appellant.

Brent T. Robinson of Ling, Nielsen & Robinson, Rupert, for plaintiff-respondent.

DONALDSON, Justice.

This appeal involves an application for the modification of child support provisions of a divorce decree. The issues presented are: (1) must the trial court consider the financial resources, needs, and obligations of a remarried parent's new community property interest in determining whether there has been such a substantial change of circumstances as will warrant modification of child support provisions of a divorce decree; (2) whether the district court erred in reversing the magistrate judge's award of attorney fees; (3) whether either party is entitled to attorney fees for this appeal. For reasons set forth below, we affirm the district court's decision.

A decree of divorce, dated July 27, 1983, *nunc pro tunc*, July 1, 1983, terminated the marriage of Samuel J. Yost (Samuel) and Michaelene Yost (Michaelene). The decree of divorce incorporated by reference a property settlement agreement which had been executed and signed by the parties. The terms of the property settlement agreement included an agreement on child custody and support. Under the agreed provisions both parents would have joint legal custody and joint physical custody of the two minor children. Samuel was to have primary physical custody of one child; Michaelene would have primary physical custody of the other child. Samuel was to provide all of the support for the child in his primary physical custody. He was also to supply $165 per month for the support of the child under Michaelene's primary physical custody. On July 9, 1983, eight days after the decree was entered Michaelene married Dan L. Rowe.

On August 1, 1983, Samuel applied for an order to show cause seeking modification of the child support provisions of the decree, on the grounds that the re-marriage of Michaelene to Mr. Rowe entered a substantial and material change of circumstances, justifying a reduction or termination of Samuel's obligation to pay child support to Michaelene.

The magistrate court, after hearing oral argument, dismissed the modification proceedings. Thereafter, Michaelene filed a Memorandum of Costs seeking costs and attorney fees of $518.75. Samuel filed an objection to the cost bill. After consideration, the magistrate awarded costs and attorney fees to Michaelene.

Samuel appealed the magistrate's decision denying the motion to modify the decree and also the award of attorney fees to Michaelene. On appeal, the district court concluded that the magistrate abused his discretion in not considering the financial resources, needs, and obligations of Michaelene's new marital community in determining whether there had been a substantial and material change of circumstances justifying a modification of the child support order. Accordingly, the district court reversed and remanded to the magistrate with instructions to reconsider and, take into account all of the relevant factors, including the financial resources, needs and obligations of Michaelene's new marital community. Additionally, the district court concluded that neither the magistrate's order denying the motion to disallow costs, nor his remarks in open court, demonstrated the reasons and basis of the award of attorney fees to Michaelene. The award of attorney fees was vacated, and remanded to the magistrate for a redetermination, and a statement of reasons on the issue of claimed attorney fees. Michaelene, in turn, appealed to this Court.

I

Michaelene argues that only her individual income, and not her new husband's income, should be considered in determining whether there has been a substantial and

material change of circumstances justifying the modification of the child support order. We disagree.

■ Idaho is a community property state. *See* I.C. § 32–901 *et seq.* Under Idaho law, absent an agreement to the contrary, community property includes all income earned by either spouse during the marriage. I.C. § 32–906. Furthermore, each spouse shares an equal right of management and control over community property and an equal obligation for community debts. I.C. § 32–912. Thus, it can be said that, during the existence of the marriage, the spouses' interests in the community property assets are equal.

With the foregoing community property principles in mind, we now look to the law respecting child support modifications. "The provisions of any decree respecting maintenance or support may be modified ... only upon a showing of a substantial and material change of circumstances." I.C. § 32–709. Guidance regarding what factors a trial court is to look to in determining what constitutes a substantial and material change of circumstances is found in I.C. § 32–706, which reads as follows:

> **"32–706. Child support.—A.** In a proceeding for divorce or child support, the court may order either or both parents owing a duty of support to a child to pay an amount reasonable or necessary for his or her support, without regard to marital misconduct, after considering *all relevant factors* which may include:
> "1. The financial resources of the child;
> "2. *The financial resources, needs, and obligations of both the custodial and noncustodial parents;*
> "3. The standard of living the child enjoyed during the marriage;
> "4. The physical and emotional condition and needs of the child and his or her educational needs; " . . . ." (emphasis added.)

■ We agree with the district court's conclusion that "the financial resources, needs, and obligations of both custodial and noncustodial parents" encompass their share of the community property of their new marital communities. Since there is no evidence of an agreement to the contrary, neither Michaelene nor her present husband, Mr. Rowe, have "separate" income. In fact, what Michaelene and Mr. Rowe would earn after marriage, their marital community actually receives. Therefore, Michaelene's community property interst must be considered when analyzing her financial resources, needs and obligations. Our conclusion is consistent with both statute and case law in a number of community property jurisdictions. In *Fought v. Fought,* 94 Ariz. 187, 382 P.2d 667 (1963), the Arizona Supreme Court noted that remarriage is an element to consider in weighing the equities surrounding a petition to modify child support provisions of a divorce decree. Additionally, the court recognized that the former wife had "a community property interest in the income of ... [her new] husband, which could also be applied to the welfare of the child". *Id.,* 94 Ariz. at 189, 382 P.2d at 668.

*In re Marriage of Havens,* 125 Cal. App.3d 1012, 178 Cal.Rptr. 477 (1981), the California Court of Appeals remanded the case for further consideration in light of certain principles and statutes, including a statute recognizing that a spouse's community property interest is liable for the support of the other spouse's children to whom the duty of support is also owed by the children's father.

In the Washington case of *Smith v. Smith,* 13 Wash.App. 381, 534 P.2d 1033 (1975), the Washington Court of Appeals concluded that:

> "In determining whether or not there has been such a substantial change of circumstances as will warrant modification of the child support provisions of a divorce decree, the trial court *must* consider the income available not only to both parents, but also to their respective new marital communities, if any. (Emphasis added.)" *Id.* 13 Wash.App. at 382, 534 P.2d at 1034.

■ In the case at bar, the magistrate refused to consider the impact of appel-

lant's current marital community as it related to her "financial resources, needs, and obligations." We note that an application for modification of a decree awarding child support is addressed to the sound discretion of the trial court. *Embree v. Embree*, 85 Idaho 443, 380 P.2d 216 (1963). However, discretion exercised without consideration being given to relevant factual circumstances is discretion abused. *Sheets v. Agro-West, Inc.*, 104 Idaho 880, 664 P.2d 787 (Ct.App.1983). We conclude the magistrate's failure to consider relevant information regarding appellant's new marital community was an abuse of discretion, and, therefore, reverse and remand so the magistrate can consider all of the relevant factors, including the financial resources, needs, and obligations of appellant's new marital community, in determining whether there has been a substantial and material change in circumstances that would justify the modification of the child support provision of the divorce decree.

## II

We now turn to the issue of whether the magistrate abused his discretion by awarding attorney fees to appellant. We recognize that the magistrate could have awarded attorney fees in the exercise of his discretion, pursuant to either I.C. § 32–704(2) or I.C. § 32–718. Under I.C. § 32–704(2) the Court may award attorney fees after considering the financial resources of both parties and other related factors specified in I.C. § 32–705. Under I.C. § 32–718, the Court may award attorney fees if it finds that the modification proceeding is vexatious and constitutes harassment.

The district court's appellate decision, as stated supra, noted that the magistrate failed to state his reasoning for awarding Michaelene attorney fees, and accordingly, vacated that portion of the decision, so that on remand the magistrate could reconsider. It appears to us that the district court assumed that the award of fees was made pursuant to I.C. § 32–704(2). We note, however, that the magistrate's order stated:

"By bringing these modification proceedings *the plaintiff imposed an unjust burden on the defendant* by making her expend her community property resources in the defense of the modification proceedings in light of the foregoing circumstances, and plaintiff should pay defendant's attorney fees to restore to her the benefits of the Property Settlement Agreement which the partner had reached just one month before the present proceedings were commenced." (Emphasis added.)

That statement suggests to us that I.C. § 32–718 was the basis for the award of attorney fees. Because our decision in this case establishes that Samuel was entitled to pursue the relief he sought, the proceeding cannot be characterized as vexatious. Therefore, we reverse the magistrate's award of attorney fees to appellant.

But, the magistrate may, on remand, if a motion is made, reconsider awarding attorney fees pursuant to I.C. § 32–704(2), provided that the reasoning and the legislative guidelines behind the exercise of the court's discretion are noted, as set out by the appellate district court.

## III

Both parties have requested an award of attorney fees under I.C. § 12–121. Both requests are denied. The judgment of the district court is affirmed and costs are awarded to the appellant.

BAKES, BISTLINE and HUNTLEY, JJ., concur.

SHEPARD, C.J., concurs in result.