789 P.2d 538

**Patricia HOWARD,
Plaintiff–Respondent,**

v.

**Delwin MECHAM, Defendant–Appellant.**

**No. 17978.**

Court of Appeals of Idaho.

April 6, 1990.

Royce B. Lee, Jenkins Law Office, Idaho Falls, for defendant-appellant.

W. Anthony Park, Martin, Chapman, Park & Burkett, Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

This case involves a controversy over modification of the child support provision of a divorce decree. On appeal, Delwin Mecham contests an appellate decision of the district court upholding a magistrate's finding that Mecham's ex-wife, Patricia Howard, was entitled to a change in child support payments due to emancipation of one of the couple's children. Mecham contends that the magistrate erred in concluding that emancipation of the child constituted a substantial, material and permanent change of circumstance warranting modification of his child support obligation, and that the magistrate erred by basing the increase in per-child support payments upon proposed—but not then adopted—Idaho Child Support Guidelines (hereinafter Guidelines). For the reasons explained below, we vacate the appellate decision of the district court, and remand this case with instructions consistent with our opinion.

The essential facts of this case are as follows. Mecham and Howard were divorced in 1980. The divorce decree awarded Howard custody of the couple's four minor children, and required Mecham to pay Howard support payments of $150 per month per child. Since that time, Howard has initiated several proceedings to increase the level of child support. According to a 1986 modification order, Mecham was required to pay Howard $750—or $250 per child—for each of the three remaining unemancipated children living with Howard.

In 1987, Howard initiated the present proceeding, contending that Mecham's earnings had increased since the last modification order and that, although a second child had become emancipated, her expenses for supporting the two remaining children had increased. Howard asked the court to increase Mecham's child support obligation to $1000—or $500 per child—for each of the remaining minor children. Howard based her assertion on the proposed Guidelines which would require Mecham to pay twenty-five percent of his gross income to support the two remaining minor children.

After conducting an evidentiary hearing, the magistrate found that emancipation of the couple's second oldest child, along with a change in the parties' relative financial circumstances, constituted sufficient reasons to warrant a modification of Mecham's child support obligation. Consequently, the magistrate determined that, based on the proposed Guidelines, Mec-

ham's *total* child support obligation should be reduced by four percent—from $750 to $720—for the remaining children. Thus, although Mecham's total support obligation was reduced slightly, the amount per child was increased. Mecham appealed. The district court affirmed the magistrate's decision. Mecham appealed again, bringing the case to us.

Mecham contends that the magistrate erred in finding that emancipation of the couple's second oldest child was a sufficient reason to modify his child support obligation. He notes that, contrary to Howard's assertion, emancipation of the child actually resulted in a reduction of Howard's total expenses. He also submits that emancipation of each child was contemplated in the original divorce decree based upon the magistrate's award of a fixed amount of child support per child. Furthermore, Mecham argues that the magistrate erred in increasing the support from $250 to $360 per child when, in fact, Howard presented no evidence that there had been a corresponding increase in the needs of the remaining unemancipated children.

Determining whether the child support provisions of a divorce decree should be modified essentially is a two-step process. First, the trial court must determine whether a substantial, material change of circumstances has occurred warranting a modification. I.C. § 32–709. Second, the trial court must determine the amount of the modification, considering all relevant factors, especially those enumerated in I.C. § 32–706.[1] An application to modify an order for child support is addressed to the sound discretion of the trial court; where that discretion has been properly exercised it will not be disturbed on appeal. *See Yost v. Yost,* 112 Idaho 677, 735 P.2d 988 (1987).

In the present case, the magistrate found that emancipation of the couple's second oldest child was a sufficient basis to warrant modification of Mecham's child support obligation. The Idaho Supreme Court has held that emancipation of a child is sufficient reason to modify a child support order. *See Embree v. Embree,* 85 Idaho 443, 449, 380 P.2d 216, 220 (1963). The question in this case, then, is the amount of the modification. The magistrate failed to make specific findings as to the needs of the two unemancipated children. Rather, the magistrate relied on a draft of the proposed Guidelines which recommended— for a person with Mecham's gross income— an amount of support for two children which was four percent less than the amount for three children. The proposed schedule in the Guidelines followed by the magistrate was not eventually adopted when the Guidelines became effective in 1989 by order of the Idaho Supreme Court.

Without a reason for changing the child support obligation—other than the fact that it appeared to conform with the Guidelines not in effect—we hold that the magistrate's discretion was improperly exercised. The magistrate should have made findings of need; it was error not to do so. When a judge makes a legal error in the course of exercising discretion, the proper appellate response is to remand the case for reconsideration. *Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 733 P.2d 824 (Ct.App. 1987). We therefore vacate the district court's appellate decision affirming the

1. These factors include:
1. The financial resources of the child;
2. The financial resources, needs, and obligations of both the custodial and noncustodial parents which ordinarily shall not include a parent's community property interest in the financial resources or obligations of a spouse who is not a parent of the child, unless compelling reasons exist;
3. The standard of living the child enjoyed during the marriage;
4. The physical and emotional condition and needs of the child and his or her educational needs;
5. The availability of medical coverage for the child at reasonable cost;
6. The actual tax benefit recognized by the party claiming the federal child dependency exemption.
I.C. § 32–706(A).

magistrate's order modifying Mecham's child support obligation. We remand this case to the district court with directions to further remand it to the magistrate division for determination whether, based upon the living costs of the unemancipated children, the circumstances warrant a change in Mecham's child support obligation. No costs or attorney fees on appeal.

BURNETT and SWANSTROM, JJ., concur.