812 P.2d 304

Colleen K. **FRANKS,**
Plaintiff–Respondent,

v.

Steven E. **FRANKS,**
Defendant–Appellant.

No. 18350.

Court of Appeals of Idaho.

May 29, 1991.

Richard G. Smith of Hawley, Troxell, Ennis & Hawley, Boise for defendant-appellant.

Louis Cosho of Cosho, Humphrey, Greener & Welsh, Boise for plaintiff-respondent.

SWANSTROM, Judge.

Steven Franks appeals from the district court's findings of fact, conclusions of law and order granting Colleen Franks' motion to modify their divorce decree as to child support. We are asked to determine whether a substantial and material change in circumstances has occurred warranting an increase in child support; and, if so, whether the amount of the modification is appropriate in light of those changes in circumstances. For reasons explained below, we affirm the order of the district court.

Steven and Colleen Franks were divorced in October, 1979. The couple has three children from this marriage. Pursuant to the divorce decree, Colleen received custody of the three children, and Steven was required to pay child support in the amount of $125 per month per child. In October, 1984, Colleen filed a motion to increase the amount of child support. After a hearing, the magistrate increased the amount of child support to $175 per month per child effective January 1, 1985.

In August, 1988, Colleen again moved to increase the child support. A magistrate denied this motion, holding that Colleen had failed to show that a substantial and material change in circumstances had occurred. Colleen appealed to the district court, which reversed the magistrate's order denying an increase in child support. The matter was remanded to the magistrate for written findings of fact and conclusions of law consistent with the district court's opinion. On remand, however, the magistrate entered an order denying Colleen's request for an increase in child support. Colleen appealed once again to the district court.

In this second appeal, the district court conducted a trial de novo on the issue of child support. After receiving additional evidence, the court held that the magistrate erred in denying Colleen's latest motion to modify the child support. The district court concluded that a substantial and material change in circumstances had occurred since the entry of the last modification order in 1984. In accordance with this finding, the district court increased the monthly child support to $250 per month per child for the two unemancipated children. This appeal by Steven followed.

■ Because this case was heard by the district court as a trial de novo, on review we treat the district court as the trial court. I.R.C.P. 83(u)(2); *Koester v. Koester*, 99 Idaho 654, 586 P.2d 1370 (1978). Therefore, the district court's findings of fact will not be disturbed on appeal, if supported by substantial, competent, though conflicting, evidence. *Salazar v. Tilley*, 110 Idaho 584, 716 P.2d 1356 (Ct.App.1986). However, the decision to modify a child support order is left to the sound discretion of the trial court. If the trial court properly exercises this discretion, its decision will not be disturbed on appeal. *Yost v. Yost*, 112 Idaho 677, 735 P.2d 988 (1987).

The decision to modify a child support provision of a divorce decree involves a two-step process. First, the trial court must determine whether a substantial and material change in circumstances has occurred. Second, if there has been a substantial and material change, then the amount of the modification must be com-

puted. *Howard v. Mecham,* 117 Idaho 542, 789 P.2d 538 (Ct.App.1990). In determining what constitutes a substantial and material change in circumstances, the courts are guided by the factors set forth in I.C. § 32–706.[1] These factors include: the financial resources of the child; the financial resources, needs and obligations of both the custodial and noncustodial parent; the standard of living the child enjoyed during the marriage; the physical and emotional condition and needs of the child and his or her educational needs; and the availability of medical coverage for the child at reasonable cost.

■ In addition, "the burden of showing such changed circumstances is upon the party seeking the modification." *Simpson v. Simpson,* 51 Idaho 99, 102, 4 P.2d 345, 346 (1931). Finally, it is important to note that the applicable time period over which a substantial and material change in circumstances is to be determined begins on the date of the last modification order. *See generally* 24 AM.JUR.2D *Divorce and Separation* § 1082 (1983). *See also Fuller v. Fuller,* 101 Idaho 40, 607 P.2d 1314 (1980) (focus of the court in evaluating change of circumstances was on the time period beginning when the child support was last modified). Here, the latest modification order occurred in 1984.

Colleen's 1988 motion to modify child support was premised on several alleged substantial and material changes in circumstances that had occurred since the previous modification order. For example, Colleen pointed out that her household expenses had increased due to the fact that the children were now four years older. The two boys had become teenagers. Their clothes, schooling, transportation and activity expenses had increased. In addition, Colleen asserted that Steven's income had increased since the last modification order and that his new wife, Mary, was employed. Colleen also testified that the couple's oldest daughter, Shelli, had turned 18 in September, 1987, but was still living

at home while attending school and was partially dependent on Colleen for support. Finally, Colleen explained that she had to file for bankruptcy relief because she was unable to pay for medical expenses she had incurred in raising the family.

The district court, after hearing the case anew, held that a substantial and material change in circumstances had occurred between 1984 and 1988. The court reached this conclusion after weighing the evidence. First, the district judge took judicial notice of the fact that there had been inflation over the past four years. Second, he noted that the children were four years older and that the cost of raising these children had increased. Third, the judge acknowledged that the oldest child had become emancipated and that Steven had no further obligation to support her. Fourth, the district judge found that, although Colleen's income had increased so it was no longer below the poverty level, Colleen's day-to-day expenses had increased over the prior four years. Fifth, the district judge determined that Steven had the financial ability to make child support payments for the two minor children over and above the amount that he had been paying for their support.

The district judge explained that the newly adopted Idaho Child Support Guidelines, although not applicable in this case, would require an increase in child support to an amount over $300 per month per child. However, he noted that the facts of this case did not support an increase to the extent provided by the guidelines. Finally, the district judge concluded that the 1984 child support award had been based on Steven's income of $24,000 to $25,000 per year. He found that in 1988, Steven's yearly gross income was $33,050, while Colleen's yearly gross income was $21,863. Based on these findings, the district judge awarded Colleen an increase in child support, to the level of $250 per month for each of the two minor children.

---

**1.** The statute as amended in 1986 is applicable here. Idaho Code § 32–706 was amended again by the Idaho Legislature in 1989 and 1990.

Steven raises three issues on appeal, including: (1) whether the district court erred by holding that the 1984 child support increase was based on Steven's yearly income of $24,000 to $25,000, (2) whether the district court erred by holding that the emancipation of the oldest child was a substantial and material change in circumstance which justified increasing the child support payments for the remaining two children, and (3) whether the district court erred by failing to properly consider and weigh Colleen's increase in income since 1984 and her ability to adequately provide for the children. We will address each of these issues in turn.

Steven argues that the district judge erred by concluding that his income had increased since the previous modification order. The record indicates that Steven averaged approximately $24,000 a year in gross wages in the four years prior to the 1984 modification order. At a hearing in November, 1984, Steven testified that he would earn approximately $36,000 in gross wages in 1984. However, he noted that this amount of income might not continue, and that it was an estimate based on a sixty-hour work week.

Steven contends that the magistrate based the 1984 modification increase upon Steven's projected income of $36,000 for 1984. He argues that, using this figure, his income has decreased rather than increased since the 1984 modification of the divorce decree. Accordingly, Steven insists that an increase in child support is not warranted. Steven points out that it is undisputed that his 1988 actual gross wages amounted to $33,050, while his actual 1984 gross wages were approximately $25,000.

The magistrate made no findings concerning Steven's 1984 gross wages other than to say that his income had increased substantially since the original entry of the divorce decree. The district judge interpreted this statement to mean that the magistrate probably had relied on 1984 gross wages of $24,000 to $25,000 in making his determination that there had been a "substantial increase in income" since the

last modification order. However, the only evidence introduced at the 1984 hearing regarding Steven's gross wages, was Steven's own testimony that he expected he would earn approximately $36,000 in 1984.

If the magistrate, in 1984, relied on Steven's estimate in modifying the child support, he was mistaken. It was later shown that the actual amount of Steven's gross wages for 1984 was $25,000. No one disputes this figure, and the district judge, who was acting as the trier of the facts in the latest modification hearing, so found. The fact that the magistrate in 1984 may have believed—based on Steven's testimony—that the 1984 income was much higher does not provide us with any reason to overturn the district court's 1988 modification order. The district court found that Steven's gross income rose from $25,000 in 1984 to $33,000 in 1988, an increase of $8,000. There is substantial evidence in the record to support this finding.

■ The district court also noted that since 1984 the oldest child reached the age of eighteen. Steven no longer was required to contribute $175 per month for her support, leaving him with more disposable income. Steven contends that reaching majority or becoming emancipated does not represent a substantial and material change in circumstances, and that even if it does, such a change does not warrant an increase in child support as to the remaining, unemancipated children. We agree only in part with this statement.

The evidence showed that the oldest child was attending college, working part-time and living part-time in her mother's home or at school. To enable the child to continue her education, Colleen absorbed some of her expenses for meals and a home. There is no dispute that Steven cannot be compelled to help pay Colleen's expenses for that child. *Stanger v. Stanger*, 98 Idaho 725, 571 P.2d 1126 (1977); *Speer v. Quinlan*, 96 Idaho 119, 525 P.2d 314 (1973). Here, the district court was not attempting to compel Steven to continue support for the oldest child's education, rather the judge viewed her emancipation as a circumstance which left Steven with more "dispos-

able income" which might be available for increased support of the two younger children in Colleen's custody.

Steven contends that the district court was wrong; that when a change in circumstances occurs and the matter is within the contemplation of the trial judge who entered the divorce decree, it will not support a plea for modification. *See, e.g., In re Garrison,* 28 Or.App. 297, 559 P.2d 513 (1977) (emancipation of older child was not a change in circumstances which would support an increase in child support); *Ware v. Ware,* 9 Wash.App. 276, 512 P.2d 742 (1973) (older child's reaching the age of majority was not a change in circumstances which would justify an increase in child support). Apparently, the justification for this view is that where the judge has set a single fixed amount of support for each child, the judge has "contemplated" that the same "per child" amount will continue to be adequate regardless of the diminishing number of dependent children in the home as the years go by. In other words, the judge is able to determine—and does determine—in advance that, as each child leaves the home, the custodial parent's "saved" expenses for that child's food, clothing and medical expenses will always be adequate to cover that child's "lost" share of the fixed expenses for maintaining the home, payment of rent, utilities, insurance, transportation and the like. If trial courts had the prescient ability attributed to them by this view, they would be able to carve support orders in stone. However, current Idaho Child Support Guidelines indicate a different view prevails in Idaho.

The present case presents a similar situation to the one in *Howard v. Mecham, supra.* Both cases predate the adoption of the Idaho Child Support Guidelines. Both cases involve attempts by the custodial parent to seek increased child support payments for two children following the emancipation of the oldest child. In *Howard* we recognized that the emancipation of a child was a substantial change in circumstances which could justify an increase in child support for the remaining two children provided that there was a specific finding of need. We hold that the district judge's

decision was consistent with our ruling in *Howard.*

■ Steven contends that the district judge erred by failing to properly weigh and consider the disproportionate increase in financial resources between the two parties since the last modification order. In particular, Steven argues that an increase in child support should not have been awarded because Colleen's income has increased since the 1984 modification order, and because Colleen's financial resources are now sufficient to provide for the children.

When comparing the financial resources of the parties, we note that the law, as it existed in 1988, required that the court take into account not only the financial resources, needs, and obligations of the two parents, but also the financial resources, needs, and obligations of each parent's new spouse. *Yost v. Yost, supra.* Steven had remarried and in 1988 his present wife, Mary, earned gross wages of $10,242. However, by the time the district court conducted a de novo modification hearing, the legislature had amended I.C. § 32–706 so that the *Yost* decision no longer controlled. The amended statute states that, ordinarily, in a child support determination a parent's community property interest in the financial resources or obligations of a spouse who is not the parent of the child will not be included unless compelling reasons exist. Aware of this amendment, the district court and the parties agreed that the income earned by Steven's present wife would not be added to Steven's income for purposes of comparing the income of the two parties to this action. Accordingly, we will use the same income figures as found by the district court, comparing Colleen's financial resources, needs, and obligations with Steven's financial resources, needs, and obligations.

In 1984, Colleen's net earnings were approximately $660 a month, while her monthly child support for the three children amounted to $375. Against this income, Colleen incurred monthly expenses of about $1,100. This resulted in a deficit of roughly $65 a month. Since the 1984 modification order, Colleen's net earnings

increased to approximately $1,475 a month in 1988. She had been receiving a total of $525 child support for three children but this reduced to $350 a month for her remaining two unemancipated children in September, 1987. During this time period, Colleen's monthly expenses also increased to $1,508 a month. Her gross income went from $7,900 in 1984 to $21,863 in 1988.

In contrast, Steven's gross wages rose from $25,000 in 1984 to $33,050 in 1988. Commencing in 1985 he paid a total of $525 per month to Colleen for the support of the three children. In September, 1987, this dropped to $375 for support of the two youngest children.

Considering only the gross income of each parent and the history of previous support levels, an increase of Steven's child support obligation to $500 for the two unemancipated children is not unreasonable. This figure is substantially below the Idaho Child Support Guidelines, were they to be applied.

Nevertheless, because this is a nonguidelines case, it is appropriate to measure the award of additional support against the actual spendable income of the parents. The 1988 tax returns of the parties which were introduced into evidence reveal the following.

Steven's gross earnings of $33,050 were 76% of the total income he and his wife, Mary, earned in 1988. Because the district court and the parties agreed that Mary's income should not be included for the purpose of determining the ability to pay and the amount of child support, we consider only Steven's share of the couple's tax liability, as follows:

| | | |
|---|---|---|
| Steven's gross income | | $33,050 |
| Fed. tax, 76% of total | 3,429 | |
| State tax, 76% of total | 1,626 | |
| Steven's F.I.C.A. tax | 2,480 | |
| Steven's total taxes | | 7,535 |
| Steven's net, after tax, income | | $25,515 |
| Colleen's gross income | | $21,863 |
| Fed. tax paid | 1,744 | |
| State tax paid | 593 | |
| F.I.C.A. tax paid | 1,642 | |
| Colleen's total taxes | | 4,179 |
| Colleen's net, after taxes, income | | $17,684 |

One additional calculation is necessary to arrive at the actual spendable income of the parties. In 1988, Steven paid $375 per month child support, or a total of $4200. Therefore, for that year the parties' net spendable income could be calculated as follows:

| | |
|---|---|
| Steven's after-tax income | $25,515 |
| less child support paid to Colleen | 4,200 |
| Spendable income for Steven's household | |
| (two adults and one child) | $21,315 |
| Colleen's 1988 after-tax income | $17,684 |
| plus child support from Steven | 4,200 |
| Spendable income for Colleen's household | |
| (one adult and two children) | $21,884 |

In 1988, Colleen listed the monthly expenses for her household in the total amount of $1,508. Steven's list of expenses for his household totalled $2,007. This list included the monthly child support payments of $350 to Colleen. He also included $170 monthly schooling expense for Mary's child. The extent to which Mary's income was used to pay the household expenses was not shown. However, it is not essential to our opinion to know the extent of her contribution.

On appeal, we must view the evidence most favorably to the respondent. Accordingly, we think it is reasonable to pro-rate Colleen's $1,508 monthly household expenses equally among the members of the household. The total expenses for the two minor children would be about $1,000 per month. This means that, in 1988, Steven was contributing $350 toward these expenses while Colleen was providing at least $650. The district court's modification would result in Steven paying $500 and Colleen paying $500 from after-tax incomes of $25,515 and $17,684, respectively.

As the district judge noted, while Mary's earnings would not be counted in the comparison, they left Steven's pool of earnings untapped to some extent. Consequently, he is now in a better position to pay more child support. Our Supreme Court has

held that the increased salary of a noncustodial parent taken together with the increased cost of living of the custodial parent justifies a substantial increase in child support to the custodial parent. *Humbird v. Humbird,* 42 Idaho 29, 243 P. 827 (1926).

Accordingly, we conclude that the increase in child support to $250 a month per child for the two unemancipated children was reasonable in light of the changes which have occurred over the last four years. We find no abuse of discretion. We affirm the district court's order modifying the child support provision of the divorce decree. Costs to respondent. No attorney fees awarded on appeal.

WALTERS, C.J., and REINHARDT, J., Pro Tem., concur.