846 P.2d 221

**Patricia MECHAM, aka Patricia Howard, Plaintiff-Respondent,**

v.

**Delwin MECHAM, Defendant-Appellant.**

No. 19368.

Supreme Court of Idaho,
Boise, December 1992 Term.

Jan. 29, 1993.

Cooper, Wetzel, Avery & Lee, Idaho Falls, for appellant. Royce B. Lee argued.

Park, Costello & Burkett, Boise, for respondent. W. Anthony Park argued.

PER CURIAM:

Delwin Mecham and Patricia Howard were divorced in 1980, and Mecham was ordered to pay $150 a month child support for each of his four children. In 1988, Mecham's child support obligation was modified to $360 a month for two children for a total of $720 a month. Mecham appealed the magistrate's order to the district court which affirmed.

Mecham then appealed the district court's decision to the Supreme Court, and

the case was assigned to the Court of Appeals. The Court of Appeals affirmed the trial court's conclusion that the emancipation of one of Mecham's children constituted a substantial and material change of circumstances warranting a modification of Mecham's support obligation. *Howard v. Mecham*, 117 Idaho 542, 789 P.2d 538 (1990). However, the Court of Appeals determined that the magistrate improperly used the Idaho Child Support Guidelines, which had not yet been adopted at the time of the magistrate's decision, in determining the amount of support. Consequently, the case was remanded to the magistrate to determine the appropriate amount of child support based on the needs of the two minor children, rather than the recommendations in the child support guidelines.

Upon remand, the magistrate held a supplemental hearing and again concluded that, based on the needs of the two remaining children, the amount of Mecham's child support obligation should be increased to $360 a month per child. The magistrate's decision was affirmed by the district court which also awarded attorney fees to Howard. Mecham has again appealed to this Court, arguing that there was insufficient evidence, from either the original hearing or the supplemental hearing, to justify an increase in his child support obligation.[1]

A magistrate's findings will be upheld if substantial and competent evidence supports those findings. *McNelis v. McNelis*, 119 Idaho 349, 806 P.2d 442 (1991). In this case the magistrate, in compliance with the Court of Appeals order on remand, found that there was a need for an increase in child support, finding that:

> Without considering the application of the present Idaho Child Support Guidelines, I find that the evidence presented at the prior hearing was sufficient to reflect a need for an increase from $500 for the two children to $720 for the two children. That need is based upon [Howard's] testimony that there was no significant decrease in the total expenses attributed to the children after the older

child became emancipated. Although an analysis of the specific expenditures made each month for the two children as compared to three children was not made, examples of new expenses for the remaining two children were given. I find the general testimony that overall expenses had not decreased, is sufficient to reflect a need to have child support remain at the prior level for three children which would have been $750. The amount actually awarded was $720, which reflects a minor change in need. The difference between those two figures is de minimis. I therefore conclude that an increase of child support was needed and that $720 is adequate to meet that need.

The evidentiary record supports the magistrate's findings. Accordingly, the magistrate's decision to increase the amount of child support is affirmed.

Mecham also appeals the district court's award of attorney fees to Howard. Although the district court did not state which statute it was applying, Howard argues on appeal before this Court that the appeal was frivolous and therefore the district court's award of fees should be affirmed under I.C. § 12–121. However, the district court did not make any findings that the appeal was frivolous, I.R.C.P. 54(e)(2). To justify attorney fees, "[t]he total defense of a party's proceedings must be unreasonable or frivolous." *Magic Valley Radiology Ass. v. Professional Business Services, Inc.*, 119 Idaho 558, 563, 808 P.2d 1303, 1308 (1991). We conclude that the appeal is not entirely frivolous and therefore vacate the district court's award of attorney fees.

The judgment of the magistrate court is affirmed, and the decision of the district court is vacated. No fees or costs on appeal.

---

1. Mecham also claims that it was error for the trial court to hold a supplemental hearing. However, it is within the discretion of the trial court to determine on remand whether the existing record is sufficient or should be supplemented. *See Capps v. Wood*, 117 Idaho 614, 790 P.2d 395 (Ct.App.1990).