# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 36583

| | |
|---|---|
| KATHLEEN A. DECORIA, f.k.a. KATHLEEN A. LUNDQUIST, <br><br> Plaintiff-Respondent, <br><br> v. <br><br> STEPHEN W. LUNDQUIST, <br><br> Defendant-Appellant. | 2010 Unpublished Opinion No. 451 <br><br> Filed: May 5, 2010 <br><br> Stephen W. Kenyon, Clerk <br><br> THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge; Hon. Terry R. McDaniel, Magistrate.

Order of the district court affirming magistrate's final order modifying child support, <u>affirmed</u>.

Stephen W. Lundquist, Boise, pro se appellant.

Michael R. Johnson of Ludwig, Shoufler, Miller, Johnson, LLP, Boise, for respondent.

---

PERRY, Judge Pro Tem

Stephen W. Lundquist appeals from the district court's intermediate appellate decision affirming the magistrate's final order modifying child support and the magistrate's award of costs and attorney fees to Kathleen DeCoria, Stephen's ex-wife, under Idaho Code § 12-121. We affirm. We also award costs and attorney fees on appeal to respondent Kathleen, under I.C. § 12-121.

1

# I.

# FACTS AND PROCEDURE[1]

Kathleen and Stephen divorced on March 23, 2003. Four children were born of the marriage and all were four years of age or younger at the time of the divorce. The stipulated judgment and decree of divorce awarded physical custody of the children to Stephen and required Kathleen to pay Stephen $190 per month in child support.

On August 13, 2003, Stephen filed a motion to modify child support. Kathleen answered and countered with her own petition to modify the custody arrangement and to modify child support. After a hearing, on December 30, 2003, the magistrate modified both the custody arrangement and child support, ordering Stephen to pay child support in the amount of $766 per month, commencing January 1, 2004. Stephen's motion for a new trial was denied.

On February 11, 2004, before his motion for a new trial was denied, Stephen filed his second motion to modify child support, asserting that his income was reduced because he had lost his job on January 27, 2004. He further moved to modify custody with the intent of moving to South Dakota with the children. On March 26, 2004, Stephen filed his third motion to modify child support, this time seeking temporary reduction of the amount of child support owed pending the resolution of his earlier motion. On July 27, 2004, the magistrate granted a temporary modification, reducing Stephen's child support to $69 per month. On August 31, 2004, Stephen filed his fourth motion to modify child support, this time seeking temporary reduction of the amount of child support to zero because he had been unable to secure employment and his unemployment compensation had run out. As far as the record reflects, the magistrate did not grant Stephen any relief on this motion.

It took Stephen one year and nine months to bring his February 11, 2004, motion to modify child support and custody to resolution. After an October 2005 hearing, on January 11, 2006, the magistrate entered its final judgment modifying the divorce decree.[2] The court concluded that Stephen was voluntarily unemployed and imputed income to him in the amount of $40,000 per year. The magistrate also imputed income of $18,720 to Kathleen, who was also

---

[1]     Stephen has provided a limited record in this appeal. Therefore, some of the procedural facts are drawn from the magistrate's order and the district court's appellate decision.

[2]     Stephen has failed to provide this document in this appeal.

unemployed. Physical custody of the children was granted equally to the parties, week on and week off. On these determinations, Stephen was ordered to pay child support in the amount of $558 per month for his four children.

Two months later, Stephen sued Kathleen in small claims court, seeking reimbursement for his financial support of her three children from a previous marriage and one-half of the amounts of child support Kathleen had received from her prior husband. The small claims court ruled against Stephen. Stephen appealed the decision and, after a trial de novo, the magistrate found that Stephen had no basis for his claim. Stephen appealed to the district court, which affirmed. The district court also awarded I.C. § 12-121 attorney fees against Stephen, concluding that Stephen was harassing Kathleen through the court system and that his appeal was brought frivolously, unreasonably and without foundation.

During the above-described appellate process, in September 2006, Stephen filed a motion for a temporary change in custody and another petition to modify child support, his fifth such request in three years and only eight months after the resolution of his fourth such request. His petition simply alleged that there had been a "substantial, material and permanent change in circumstances warranting a modification" of his child support owed because "the parties gross incomes have changed."

It took Stephen a year and a half to bring this motion to trial, which occurred in April 2008. During Stephen's presentation of his case, the magistrate noted that Stephen was attempting to conduct discovery during the trial when the parties had stipulated months earlier that discovery was complete. The magistrate further pointed out that Stephen was attempting to relitigate matters that had been decided pursuant to his most recent prior motion to modify child support or to present matters that should have been addressed at that time. The magistrate also attempted to focus Stephen's presentation of evidence to that pertinent to the matter at hand, the change in the parties' income. The thrust of Stephen's case consisted of a receipt-by-receipt cross-examination of Kathleen and her accountant, her mother, concerning Kathleen's self-employment business expenses.

Stephen contended at trial that he was no longer unemployed and that in his current employment he was earning approximately $31,000 per year, or $9,000 less than the $40,000 imputed to him in the prior order. He further contended that Kathleen, now self-employed as a house cleaner, was earning more than the $18,720 imputed to her. Stephen further challenged

3

some of Kathleen's business expenses as unreasonable and that she was voluntarily under-employed in that she was working less than forty hours per week.[3] At the close of the evidence, the magistrate ordered the parties to submit their closing arguments in writing and to provide specificity with regard to their legal theories, the facts that supported those theories and specific calculations of what the parties' income, from each party's perspective, should be. Stephen did not comply with this directive, but instead filed a lengthy brief that generally outlined his concerns and perceived inequities with regard to the various matters he thought were pertinent and relevant. He attached to his brief several pages of Kathleen's business receipts and other documentation without providing any theories or calculations. The magistrate denied Stephen the reduction of child support he sought, concluding that Stephen had failed to meet his burden of proof. The magistrate also awarded attorney fees to Kathleen under I.C. § 12-121, on the finding that Stephen's pursuit of his case was frivolous, unreasonable and without foundation.

Stephen appealed to the district court. In a lengthy, detailed, and well-reasoned opinion, the district court affirmed. The district court also awarded Kathleen I.C. § 12-121 attorney fees. Stephen appealed to this Court from the district court's intermediate appellate opinion.

## II.

## STANDARDS OF REVIEW

When reviewing a decision of the district court acting in its appellate capacity, this Court directly reviews the district court's decision. *Mackowiak v. Harris*, 146 Idaho 864, 865, 204 P.3d 504, 505 (2009). If substantial and competent evidence supports the magistrate's findings of fact, the magistrate's conclusions of law follow from those findings, and the district court affirms the magistrate, we affirm the district court's decision as a matter of procedure. *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008).

The decision of the trial court on a motion to modify child support is reviewed on appeal for an abuse of discretion. *Noble v. Fisher*, 126 Idaho 885, 888, 894 P.2d 118, 121 (1995); *Kornfield v. Kornfield*, 134 Idaho 383, 385, 3 P.3d 61, 63 (Ct. App. 2000); *Atkinson v. Atkinson*, 124 Idaho 23, 25, 855 P.2d 484, 486 (Ct. App. 1993). As set forth in *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991), we examine

---

[3]    The magistrate specifically noted that neither of these matters were pled in Stephen's petition.

4

(1) whether the trial court correctly perceived this issue as one of discretion; (2) whether the trial court acted within the outer boundaries of its discretion and consistently with the applicable legal standards; and (3) whether the trial court reached its decision by an exercise of reason. An abuse of discretion will be found if the magistrate failed to give consideration to relevant factual circumstances, *Rohr v. Rohr*, 128 Idaho 137, 141, 911 P.2d 133, 137 (1996); *Yost v. Yost*, 112 Idaho 677, 680, 735 P.2d 988, 991 (1987); *Margairaz v. Siegel*, 137 Idaho 556, 558, 50 P.3d 1051, 1053 (Ct. App. 2002), or if the magistrate's findings are not supported by the evidence. *Biggers v. Biggers*, 103 Idaho 550, 555, 650 P.2d 692, 697 (1982); *Rohr v. Rohr*, 126 Idaho 1, 3, 878 P.2d 175, 177 (Ct. App. 1994).

### III.

### ANALYSIS

On appeal, Stephen attempts to raise numerous allegations for our consideration. However, Stephen only lists three issues separately in his opening brief. He does not present argument in distinct sections of his brief, but employs the same narrative style of briefing that he did below. His citations to the record below are sparse. The authority he cites for his various propositions of law is, at best, minimal. Because of Stephen's briefing, it is difficult to follow his arguments, apply them to the issues listed, or discern how they are legally supported. In addition, where an appeal from a district court's intermediate appellate opinion is brought, this Court directly reviews the district court's resolution of the issues raised in that appeal. Stephen's briefing ignores the district court's appellate opinion and, instead, focuses on the magistrate's findings. Even then, Stephen's briefing largely ignores the magistrate's resolution of the issues, instead arguing the issues as though presenting them for the first time to a trial court.

This Court will not address several of Stephen's allegations for at least one of the following reasons. First, many of the issues that Stephen argues to this Court were not properly raised before the magistrate. It is well established that an appellate court of this state will not consider issues that were not presented to the trial court. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *State v. Jones*, 141 Idaho 673, 676, 115 P.3d 764, 767 (Ct. App. 2005). Second, some of the issues now argued by Stephen may have been presented to the trial court but were not raised in the intermediate appeal to the district court. Where an intermediate appeal has occurred, only issues raised in that intermediate appeal may be brought forward to a higher appellate court. *See Stonecipher v. Stonecipher*, 131 Idaho 731, 737, 963 P.2d 1168, 1174

5

(1998); *State v. Bailey*, 117 Idaho 941, 943, 792 P.2d 966, 968 (Ct. App. 1990). Third, some of Stephen's arguments are not supported by any relevant legal authority. This Court will not address issues for which the appellant has not provided relevant legal authority. *Cowan v. Board of Comm'rs of Fremont County*, 143 Idaho 501, 508, 148 P.3d 1247, 1254 (2006). Pro se litigants are held to the same standards and rules as those represented by an attorney. *Suitts v. Nix*, 141 Idaho 706, 709, 117 P.3d 120, 123 (2005). Accordingly, we only address those issues presented by Stephen that were both properly preserved in the proceedings below and adequately supported by at least some authority on appeal.

## A.      Stephen's Income

On January 11, 2006, a magistrate entered its final judgment modifying the divorce decree. The court concluded that Stephen was voluntarily unemployed and imputed income to him in the amount of $40,000 per year. In September 2006, Stephen filed the instant petition to modify child support, contending that there had been a substantial, material and permanent change in circumstances warranting a modification of child support owed because "the parties gross incomes have changed."

As the moving party, Stephen bore the burden of establishing that his current income level was less than the $40,000 income previously imputed to him. *Franks v. Franks*, 119 Idaho 997, 999, 812 P.2d 304, 306 (Ct. App. 1991). The magistrate found that Stephen failed to sustain that burden. Specifically, the magistrate accepted that Stephen was currently earning $31,000 at his new job, but that Stephen failed to explain approximately $160,000 in deposits to his bank accounts over the previous two year period. For these reasons, in recalculating child support the magistrate left Stephen's income at the previously established level of $40,000 per year.

The district court's intermediate appellate opinion explained the magistrate's findings on this issue in great detail and held that the magistrate did not abuse its discretion. In this appeal, Stephen ignores both the district court's resolution of the issue and the magistrate's findings, and simply argues that his income should have been set at $31,000. Stephen has failed to demonstrate error.

## B.      Kathleen's "Voluntary Underemployment"

In this appeal, Stephen argues that an unspecified amount of additional income should have been imputed to Kathleen because she was "voluntarily underemployed" as she was working less than 40 hours per week in her house cleaning business. The magistrate's order does

6

not discuss the issue of imputed income to Kathleen. The district court's intermediate appellate opinion explains, in part, why. The district court said:

> The magistrate correctly refused to act on [Stephen's] request that it that it find [Kathleen] was voluntarily underemployed. [Stephen] did not call a vocational expert or any other employment evaluator to testify that [Kathleen] was voluntarily underemployed. The only "evidence" he relied upon to support his voluntarily underemployment claim was [Kathleen's] testimony that she would like to have more clients and her acknowledgment that distributing fliers might be one way of acquiring those clients.

The district court concluded that the magistrate did not abuse its discretion in that Stephen did not produce sufficient evidence before the magistrate to support a claim of voluntary underemployment. We agree. We would add that the magistrate noted Stephen had not pled in his petition that additional income should be imputed to Kathleen but only that "the parties gross incomes have changed" and at the hearing the magistrate specifically indicated that without the testimony of a vocational expert it would likely not impute income to Kathleen. In addition, when the magistrate instructed the parties to submit their closing arguments in writing he stated:

> What I do want in your final arguments is an argument of what you have proven and a calculation of what you feel the child support should be and - so I can take a look at it and try to coordinate what figures you come up with so I can take a look at it.

With respect to the instant issue, Stephen's closing argument did not comply with the magistrate's directive. Although he argued that Kathleen was working less than full-time, Stephen made no calculation of the amount of additional income he contended should be imputed to Kathleen, but instead simply asserted that "it is not unreasonable for the court to impute additional income to the Plaintiff mother . . . ." In addition to affirming the holding of the district court on this issue, we hold additionally that the magistrate did not err by failing to address in its written order an issue that Stephen failed to adequately raise at the trial level.

### C. Kathleen's Business Expenses

Stephen contends that some of Kathleen's business expenses for gas, equipment and cleaning supplies were unreasonable and should have been disallowed as deductions to her gross income for child support purposes. The magistrate held that "Stephen's case is based solely on speculation and innuendo, with no evidence being presented to establish the figures included in Kathleen's tax return were not correct." The district court upheld the magistrate's factual findings, holding that they were supported by substantial and competent evidence.

7

In this appeal, Stephen ignores the district court's resolution of the issue and simply asks this Court to second-guess the magistrate's factual findings. In accord with our standard of review, we decline his invitation to do so.

**D.      The Magistrate's Award of Attorney Fees**

The magistrate awarded attorney fees to Kathleen under I.C. § 12-121. Stephen challenged this award in his intermediate appeal to the district court. The district court held that Stephen had waived the right to claim error because he did not file an objection to Kathleen's memorandum of costs at the magistrate level. Stephen does not directly challenge the district court's holding. He simply claims that the magistrate erred for various legal reasons which he fails to support by citation to legal authority.

The district court's ruling was correct. Awards of costs and attorney fees are governed by I.R.C.P. 54(d) and 54(e). When attorney fees are requested by a litigant, the claimed fees must be included in the memorandum of costs filed with the court. I.R.C.P. 54(d)(5) and 54(e)(5). An opposing party may object to a request for costs or attorney fees by filing a motion to disallow them within fourteen days after the cost memorandum has been served. I.R.C.P. 54(d)(6) and 54(e)(6). Rule 54(d)(6) "is designed to establish a deadline for informing the court of any objection to items claimed in the memorandum of costs" and "enables the trial court expeditiously to rule upon such objections and bring the case to a conclusion." *Operating Eng'rs Local Union 370 v. Goodwin Const. Co. of Blackfoot*, 104 Idaho 83, 85, 656 P.2d 144, 146 (Ct. App. 1982). It is well settled that where no objection to a memorandum of costs and attorney fees is filed, the right to further contest the award is waived. I.R.C.P. 54(d)(6); *Allstate Ins. Co. v. Mocaby*, 133 Idaho 593, 599-600, 990 P.2d 1204, 1210-11 (1999); *Connor v. Dake*, 103 Idaho 761, 761, 653 P.2d 1173, 1173 (1982); *Hooper v. State*, 127 Idaho 945, 949, 908 P.2d 1252, 1256 (Ct. App. 1995).

Stephen did not file an objection to Kathleen's memorandum of costs in the magistrate's division. In the intermediate appeal, the district court correctly held that Stephen's failure to do so waived his right to contest the magistrate's award of attorney fees against him. The district court's holding is affirmed.

**E.      Kathleen's Request for I.C. § 12-121 Attorney Fees on Appeal**

Kathleen requests attorney fees incurred in defending against this appeal, under I.C. § 12-121. Attorney fees may be awarded under this statute if an appeal is brought or defended

8

frivolously, unreasonably or without foundation. *Crowley v. Critchfield*, 145 Idaho 509, 514, 181 P.3d 435, 440 (2007). Attorney fees will be awarded against Stephen. His appeal largely invites this Court to second-guess the findings of the magistrate and, in doing so, he substantially fails to follow the appellate rules regarding the proper form of an appellant's brief, the inclusion of specific citations to the record supporting his claims of error, the inclusion of citations to on-point legal authorities establishing error, and omits in whole reference to the district court's disposition of issues that he now claims were erroneously decided. We hold that this appeal has been pursued frivolously, unreasonably, and without foundation.

## IV.

## CONCLUSION

The district court's intermediate appellate opinion affirming the magistrate is affirmed. Because Stephen brought this appeal frivolously, Kathleen is awarded her costs and attorney fees.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**