NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ANTHONY C. VALENZUELA,
*Petitioner/Appellee*,

v.

PRINCESS SEDILLO,
*Respondent/Appellant*.

No. 1 CA-CV 19-0512 FC
FILED 6-30-2020

Appeal from the Superior Court in Maricopa County
No. FC2012-005536
The Honorable Scott A. Blaney, Judge

**AFFIRMED**

COUNSEL

Princess Sedillo, Avondale
*Counsel for Respondent/Appellant*

Cantor Law Group, PLLC, Phoenix
By Joshua A. Barreda
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

¶1　　　　Princess Sedillo ("Mother") appeals the superior court's order designating Anthony Valenzuela ("Father") the primary residential parent of their minor child. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　A.V. was born to Mother and Father in April 2012. In January 2013, the superior court awarded Mother and Father joint legal decision-making authority and equal parenting time with A.V. Mother soon absconded with A.V. and ended all communication.

¶3　　　　Over a year later, Father petitioned the superior court to award him temporary sole physical custody of A.V. pursuant to the court's January 2013 orders. *See* Ariz. R. Fam. Law P. 91.5. Father had not seen A.V. "in over a year." He alleged that Mother was "brainwash[ing]" A.V. and lamented that his efforts to retrieve A.V. had proven futile. The court ordered Mother to appear at two hearings. She missed both. The court held Mother in "direct violation" of the January 2013 orders, finding that she "prevented Father from exercising any parenting time with [A.V.] for over a year" and "purposely kept her whereabouts from Father." The court designated Father as A.V.'s primary residential parent and suspended Mother's parenting time pending a November 2014 return hearing. Mother missed the return hearing, too. The court issued a warrant for law enforcement to seize immediate custody of A.V. while reaffirming its prior orders.

¶4　　　　Four years elapsed without development as A.V. remained with Mother and Father moved to California for work. In November 2018, Father petitioned the superior court to modify parenting time and asked that A.V. be relocated to California. *See* Ariz. R. Fam. Law P. 91.3, 91.4. Mother counter-petitioned. Father executed the November 2014 warrant in February 2019, taking custody of A.V. with help from police officers.

¶5        At the next temporary order hearing, the court found that Mother "willfully violated [its orders] for over four years and caused extreme parental alienation," reaffirming its temporary orders that Father remain A.V.'s primary residential parent.  Because Mother "acted unreasonably," the court granted attorney fees and costs to Father.  *See* A.R.S. §§ 25-324, -408(J).

¶6        At the ultimate evidentiary hearing, the court heard witness testimony and received documentary evidence.  Both parties were represented by counsel during the hearing.  Following the hearing, the court issued a final decree permanently designating Father as the primary residential parent.  Mother timely appealed.  We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶7        Mother argues the superior court erred when it failed to properly weigh the evidence or apply the controlling law.  She asks us to designate her as primary residential parent, award equal parenting time to her and Father, and sanction Father for making false allegations.  Father filed no answering brief, but we exercise our discretion to address the merits of Mother's appeal.

¶8        We review parenting time orders for an abuse of discretion, *Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 5 (App. 2019), which "occurs when the court commits an error of law in reaching a discretionary decision," *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019), or when "the record, viewed in the light most favorable to upholding the trial court's decision, is 'devoid of competent evidence to support' the decision," *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (quoting *Fought v. Fought*, 94 Ariz. 187, 188 (1963)).  We defer to the court's factual findings unless they are clearly erroneous. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018).

¶9        Mother asks us to reweigh the evidence, pointing to more favorable evidence for her position.  But "we do not reweigh the evidence" on appeal, and instead "defer to the [superior] court's determinations of witness credibility and the weight given to conflicting evidence." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019). Beyond that, substantial evidence supports the court's designation of Father as primary residential parent. *In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13 (1999) ("Substantial evidence is evidence which would permit a reasonable person to reach the trial court's result.").  The superior court included specific, detailed findings in its decision under A.R.S. §§ 25-403(A), -403.01 and -408(I). *See Owen v.*

*Blackhawk*, 206 Ariz. 418, 421, ¶ 9 (App. 2003); *Woyton*, 247 Ariz. at ¶¶ 8-10. Among other things, Mother absconded with A.V., depriving Father of any contact with his child for several years. This fact convinced the court that Father would be "more likely to allow the child frequent, meaningful and continued contact with the other parent." A.R.S. § 25-403(A)(6). The court also feared that Mother would "continue to hinder [A.V.'s] relationship with Father and will do what it takes to undermine Father's credibility as a parent."

**¶10**    We deny Mother's request for sanctions. The superior court assessed witness credibility and found Father's testimony more credible than Mother's testimony. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). Mother cites no authority for her fee request, which we deny.

## CONCLUSION

**¶11**    We affirm the superior court's order.



AMY M. WOOD • Clerk of the Court
FILED:    AA