NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

STEPHEN MICHAEL BARTON, *Petitioner/Appellant*,

*v.*

NICHOLE MARIE BARTON, *Respondent/Appellee*.

No. 1 CA-CV 19-0695 FC
FILED 9-1-2020

Appeal from the Superior Court in Maricopa County
No. FC2017-095786
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Stephen Michael Barton, Gilbert
*Petitioner/Appellant*

Nichole Marie Barton, Gilbert
*Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Peter B. Swann joined.

_____

**W I N T H R O P**, Judge:

**¶1**         Stephen Michael Barton ("Father") appeals the superior court's ruling specifying a parenting-time schedule. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Following a dissolution decree ordering equal parenting time with Nichole Marie Barton ("Mother") in accordance with a jointly submitted parenting plan, Father petitioned for modification of parenting time.

**¶3**         After an evidentiary hearing, the superior court, in a signed minute entry filed April 30, 2019, ordered "[t]he parties will exercise an equal parenting time schedule around [Father's] work schedule. . . . On the days [Father] is working, [Mother] will exercise parenting time."

**¶4**         Father, a firefighter who works three 24-hour shifts every nine days on a rotating schedule for a total of eleven days per month, interpreted the order to mean that Mother could only exercise parenting time on the days Father worked. Mother interpreted the order to mean that, in a nine-day period, Mother would have the children on Father's work days, and the parties would work together to agree on the other days she would have the children to ensure equal parenting time.

**¶5**         Mother and Father each filed motions for clarification, advising the court of their respective interpretations and the ensuing difficulties implementing the court's order, and each proposed an alternative parenting plan. Mother proposed the parties exercise equal parenting time around Father's regular work schedule, with each party exercising five days of parenting time during Father's nine-day work rotation in a two-week alternating schedule. Father proposed that Mother exercise parenting time every first and third Tuesday of each month and also on the remainder of the eleven days that Father works.

2

¶6        The parties submitted their respective work schedules at the request of the superior court, which thereafter amended its April 30, 2019 order. In a signed minute entry filed September 18, 2019, the court noted that it "did not have a full understanding of the complexity of the parties' work schedules until it received the additional information both parties later provided." Ultimately, the court ordered as follows:

> The parties' work schedules are complicated. The Court wants both parents to exercise equal parenting time. The parties shall exercise a 5/2/2/5 parenting time schedule with [Father] exercising parenting time every Monday and Tuesday, [Mother] exercising parenting time every Wednesday and Thursday, and the parties alternating weekends Friday through Monday morning.

¶7        We have jurisdiction over Father's timely appeal under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

**ANALYSIS**

¶8        We review the superior court's orders regarding parenting time for abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). We review the record in the light most favorable to upholding the court's ruling and will affirm unless the record is "devoid of competent evidence to support" it. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (quoting *Fought v. Fought*, 94 Ariz. 187, 188 (1963)).

¶9        Father argues the superior court had no legal basis under A.R.S. § 25-411 or otherwise to modify its April 30, 2019 ruling and violated Arizona Rule of Family Law Procedure ("Rule") 83 and Rule 84.

¶10        The superior court granted the parties equal parenting time in both the April 30, 2019 order and the September 18, 2019 minute entry. The September 18, 2019 minute entry merely amended the April 30, 2019 order by providing—per the parents' request—greater specificity in the parenting-time schedule. As such, this was not a modification governed by A.R.S. § 25-411.

¶11        Even though the superior court issued its September 18, 2019 ruling in response to motions to clarify, we find that the ruling is procedurally an amendment or alteration to the April 30, 2019 ruling. Rule 83 permits the court to alter or amend a judgment *sua sponte* and direct entry of a new judgment. Ariz. R. Fam. Law P. 83(a)-(b). Father himself proposed an amendment or alteration to the previous order, thus waiving any

argument as to any procedural or due process irregularities in the ruling. *Kimu P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 39, 44, ¶ 19 n.3 (App. 2008) (applying waiver to issues relating to "alleged procedural defects" first raised on appeal); *Cecilia A. v. Ariz. Dep't of Econ. Sec.*, 229 Ariz. 286, 289, ¶ 11 (App. 2012) (applying waiver to due process argument).

**¶12**      The superior court did not abuse its discretion in amending its previous order to provide more specificity in the parenting-time schedule.

**CONCLUSION**

**¶13**      For the foregoing reasons, we affirm the superior court's ruling.  We award costs to Mother upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA